Cooper and Wife vs. Rhodes.

No. 6997.

SILAS H. COOPER AND WIFE VS. JNO. T. RHODES.

30  533
49 1080

The emancipation of a minor qualifies him to become a surety on an appeal bond.

The parish court has jurisdiction to emancipate a minor, even when the minor is the owner of property worth more than $500.

It is not necessary that the sheriff should call on the principal on an appeal bond to point out property, in order to hold the surety on the bond, when it appears from the sheriff's return that the principal, after diligent search and inquiry, could not be found.

When it appears that the principals on an appeal bond own no property, and that the creditor has taken every reasonable step to exact payment from them, the liability of the surety on the bond will become fixed.

The surety on an appeal bond is liable for the full amount of whatever judgment the Supreme Court may render, without regard to the amount of the judgment appealed from.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *J. G. White*, special judge.

*M. Ryan* and *C. E. Fritz* for defendant and appellant.

*Bowman & Hunter* for plaintiffs.

The opinion of the court was delivered by

DeBLANC, J. Silas H. Cooper and wife brought suit in the parish of Rapides against Samuel C. Cappel et als, and obtained against them—in the district court—a judgment for one thousand dollars. That judgment was—by the Supreme Court, increased to three thousand dollars, and—on two executions thereon issued—the sheriff's returns show:

That of the sheriff of Rapides, "that he called on all the defendants, except J. D. Bass, who had left the parish; that they, failing to pay or point out property, he demanded of the plaintiffs in execution that they should point out property of the defendants, when they declared that they knew of none; he then demanded of J. T. Rhodes, the security on the appeal bond furnished in the case finally decided by this court, and the defendant in this suit, that he should point out property of the defendants in execution, and he declared that he knew of none. He held the writ for nearly seventy days and, it being about to expire, he returned it."

That of the sheriff of Avoyelles, "that he called on Samuel C. Cappel and securities to point out property liable to seizure and the said defendant and securities failing to point out any property, and after diligent search and inquiry, and not having found any property of defendant, Samuel C. Cappel, principal, and K. B. Mathews, Joseph D. Bass, Rafe Amos and Zedo Pierre, as securities, he returned the writ not executed."

Rhodes was the surety of Cappel, Mathews, Bass, Amos and Pierre, on a bond of fifteen hundred dollars furnished by them to obtain a suspensive appeal of the judgment of one thousand dollars rendered

against them in the parish of Rapides, and which—as already stated—was, by this court, increased to three thousand dollars. In law, and by the terms of his bond, the condition of Rhodes' obligation, as a surety, was that—unless his principals satisfied any judgment that might be rendered against them by the appellate court, he would be liable for the sum of fifteen hundred dollars.

The judgment rendered on appeal was not satisfied. Two executions were thereon issued—one directed to the sheriff of Rapides, who—writ in hand—called on every one of the principals on the appeal bond, except Bass who had left said parish, and—to his request to point out property on which to levy to satisfy said writ—they answered that they had neither property nor money. Rhodes—the surety—and the plaintiffs in this case were then called upon, and they answered that they knew of no property belonging to the principals. The other execution was directed to the sheriff of Avoyelles, and he, after diligent search and inquiry, could not discover any property of Bass and the other principals, four of whom he refers to as being the sureties of the fifth one. That error is not important and does not vitiate the balance of his return, from which we infer that he may have called on Bass.

After those fruitless efforts to recover the amount of their judgment, plaintiffs brought suit against Rhodes, the surety on the appeal bond—who—in his answer to their action—alleges and contends:

1. That he was a minor when he signed said bond, and is in nowise indebted to plaintiffs.

2. That the sheriff did not call upon Bass, or any one, to point out property to be seized; that, if it had been necessary, he could have shown that Bass is in the State, not many miles from the place where he lived the year before.

3. That, if indebted to plaintiffs, it is for only the judgment of the district court, and the costs of prosecuting the suit to final judgment in the Supreme Court.

The case was tried on those issues; the district court rendered judgment in favor of plaintiffs for fifteen hundred dollars, with legal interest from judicial demand, and Rhodes has appealed.

Of the several grounds urged by him, not one is tenable.

When he signed the bond sued upon, he was emancipated and—by a regular decree of the parish court—had been relieved of all the disabilities which attach to minors. The fact alleged in his counsel's brief, that his property was then worth more than five hundred dollars, did not divest that court of the power to emancipate him. In his application to that effect, only two questions were presented: Was he above the age of eighteen years and fully capable of managing his own affairs? This, the parish court could and did decide.

Bass was not called upon to point out any property to be seized in Rapides, because—as shown by the return of the sheriff of that parish, he had left that locality. Rhodes knew where he was, but could not point out any property belonging to him, nor was any found—after diligent search and inquiry—in Rapides and Avoyelles.

The Code of Practice provides—not that the sheriff *shall*, but that he *may* call upon the party against whom the execution is awarded to point out to him property which he may possess in the parish. That course is eminently proper and should be invariably pursued, whenever said party is present or represented in the parish wherein the judgment has been rendered against him. C. P. 726.

In this case, the facts that the principals on the bond own no property, and that the creditors have taken every reasonable step to enforce against them the payment of their judgment, have not been successfully traversed, and stand—not merely uncontradicted—but almost admitted by the surety's answer to the sheriff of Rapides. Under these circumstances, the right of action of those creditors against the surety on the bond had certainly accrued. C. P. 596. 8 A. 141. 13 A. 264.

The last ground urged by defendant is that—if liable on the bond, he can be held liable but for one thousand dollars, the amount of the judgment of the district court. To sustain that position, he relies on that part of article 575 of the C. P. which refers to only the judgment appealed from, and provides for its payment by the security, in case it be affirmed by the appellate court, and argues that article 579 which provides for the satisfaction of whatever judgment that may be rendered against the appellant, is merely indicative of the form of the bond to be prepared by the clerk.

"It is obvious—said this court—that the language of article 579 is broader than that of article 575. The latter speaks of the original judgment as the test of the surety's liability; but the former points to the judgment which the appellate tribunal may render against the appellant. Its language is very large and comprehensive, and covers not the mere case of affirmance, but whatever judgment may be rendered against the appellant. In estimating the comparative force of those articles, we have no hesitation in saying that article 579 is entitled to the greater consideration." It more particularly designates the requisites of the bond, and is—in fact—exclusively directed to that object."

3d A. p. 38–39. 5 A. 523.

There is no error in the judgment of the lower court, but we can not treat as absolutely frivolous the appeal taken therefrom and allow the damages claimed by plaintiffs.

It is, therefore, ordered, adjudged and decreed that said judgment is affirmed with costs.

The Chief Justice declined taking any part in the decision of this cause.