## PEARLSTEIN v. MATTES.

### No. 17433.

Court of Appeal of Louisiana. Orleans.

### Dec. 16, 1940.

Gerald Netter, of New Orleans, for appellant.

Alfred D. Danziger, of New Orleans, for appellee.

McCALEB, Judge.

In the proceedings entitled Mrs. Henrietta D. Pearlstein, divorced wife of Abraham Mattes, v. Abraham Mattes, No. 199,092 of the Docket of the Civil District Court, the plaintiff obtained a judgment of final divorce against the defendant. By that decree, she was granted the permanent care, custody and control of the minor chil-

dren, Sharon and Ivan Mattes, born of the marriage between the defendant and herself, and the defendant was also condemned to pay alimony for the support of plaintiff and her children at the rate of $30 per week. The judgment was duly recorded by plaintiff in the office of the Recorder of Mortgages for the Parish of Orleans.

Thereafter, on June 28, 1938, the defendant, being desirous of having a certain piece of real estate situated on Soniat Street in the City of New Orleans, which stood in his name, released from the effect of the judgment rendered against him in the divorce suit, stipulated with the plaintiff by written notarial contract "to pay the expenses and to send my minor son, Ivan Mattes, through a medical school." In consideration for this promise, plaintiff agreed to authorize the Recorder of Mortgages for the Parish of Orleans to cancel and erase from his records the inscription of the judgment rendered in her favor in the divorce proceedings in so far as it encumbered the property on Soniat Street.

In accordance with this agreement, Ivan Mattes entered the College of Arts and Sciences at Tulane University in the fall of 1938 in preparation for the medical course which his father had promised him. He pursued his studies at Tulane during the 1938–39 term but failed to make the scholastic grade required by the university in all of his subjects. Because of this, it became necessary for him to enter the Tulane Summer School and thereby make up his deficiencies. After the summer school term, young Mattes again registered at the university for the fall term beginning in 1939. On December 30th of that year, the Dean of the College of Arts and Sciences wrote him a letter stating that his scholastic record at the university was very unsatisfactory and he was warned that, unless his grades were improved, it might become necessary to force him to discontinue his studies. Prior to the time this letter was written to the defendant's son and thereafter, the defendant made inquiries of his son's professors concerning the boy's ability and aptitude to cope with the course he was pursuing and, as a result of these investigations, defendant was led to believe that, unless a vast improvement was made by the boy in his work, he would be unable to master a medical course.

With affairs in this state, the defendant took the position that it would be useless for his son to continue the course at Tulane University. He thereupon informed the plaintiff that he would no longer be responsible for the boy's education and he declined to pay the required tuition, amounting to $127.50, for the semester beginning in February, 1940. Upon the defendant's refusal, the plaintiff, feeling that her son should be given every chance to make up his deficiencies and continue his studies, borrowed the funds necessary for the boy's tuition for the semester beginning in February, 1940, and paid the university.

Thereafter, plaintiff filed a rule in the divorce proceedings in the Civil District Court seeking to have the alimony for herself and children increased and also to require the defendant to perform his obligation under the contract made by him wherein he agreed to pay all expenses attendant to sending his son through medical school. The defendant excepted to the portion of the rule wherein plaintiff sought an enforcement of his written promise, upon the ground that her rights under the contract could be considered only in an independent direct action and not in a summary proceeding. This exception was sustained by the judge and, after hearing evidence respecting the plaintiff's claim for an increase in alimony, he ordered that the weekly allowance to plaintiff and her children be raised from $30 per week to $35 per week.

Shortly after the dismissal of that portion of plaintiff's rule wherein she sought to enforce the contract of the defendant, she brought this suit in the First City Court of New Orleans wherein she demands restitution from the defendant of the sum of $127.50 which represents the cost of the tuition of her son for his attendance at Tulane University for the semester beginning in February, 1940. The cause of action alleged by her in her original petition is based upon two grounds:—(1) that, under the provisions of Article 227 of the Revised Civil Code, the defendant is obligated to educate his minor son, Ivan, and that he has failed to do so and (2) that, in addition to the obligation imposed upon him by law, defendant has breached the written contract executed by him for valuable consideration wherein he agreed to pay the expenses attendant to sending his son through medical school.

To this petition defendant filed a plea of res adjudicata (contending that the judgment of the Civil District Court on the rule for alimony had fully disposed of the rights of plaintiff under that portion of her rule based upon Article 227 of the Code) and he also, by way of exception of no right of action, maintained that plaintiff, as an individual, was without right or authority to sue for the enforcement of his written promise to send his son through medical school. In addition to these pleas, the defendant answered plaintiff's petition denying any indebtedness to her and set forth that the contract under which she claims was executed without valuable consideration. He further averred, in the alternative, that, should the court hold that the contract is enforcible, he should be relieved of further obligation thereunder because the scholastic record of his son at Tulane University is sufficient to disclose that the boy is unable to perform the work required by the college.

After hearing argument on the defendant's exceptions, the trial court sustained the exception of no right of action but it gave plaintiff leave to amend her pleadings. Thereafter, plaintiff filed a supplemental and amended petition in which she alleged that, because of defendant's refusal to perform the contract, she had been required to pay Tulane University the sum of $127.50 for the semester beginning in February, 1940; that, upon making this payment, she received from Tulane a conventional subrogation and assignment of all of its rights and claims against the defendant and that therefore she was entitled to recover from the defendant as subrogee of the university.

To this supplemental and amended petition, the defendant again interposed an exception of no right or cause of action and also filed an answer in which he denied the allegations of fact contained therein.

The matter thereafter came up for trial on its merits at which time the trial court reserved its judgment on the exceptions and heard the evidence tendered by the parties. After the evidence was submitted, the judge found for the plaintiff and against the defendant for the amount sued for. The defendant has appealed from the adverse decision.

Since one of the grounds upon which the plaintiff's suit is predicated is for the recognition and enforcement of a written contract made between the defendant and herself which, if she is correct in her contentions, is a sufficient reason of itself to sustain a judgment in her favor, we do not find it necessary to discuss the defendant's plea of res adjudicata which is directed against plaintiff's right to recover under Article 227 of the Civil Code.

The defendant's exception of no right or cause of action, which is addressed to that portion of plaintiff's suit wherein she seeks to enforce his written agreement to send his son through medical school, is based upon the theory that the promise made by him is a stipulation pour autrui and that plaintiff, although a party to that agreement, has no right to sue individually for a breach of the contract but that she may only make her demand for and on behalf of her minor son in her capacity as natural tutrix. In other words, it is maintained that, where a stipulation pour autrui is sought to be enforced, the beneficiary of the agreement, who has accepted the benefit of the stipulation made in his favor, is the only person invested with the right of action.

We do not find this argument meritorious. It is well recognized that all parties to a contract have a right to enforce the obligations arising thereunder by direct action. See Articles 1926 and 1930 of the Revised Civil Code and Articles 14, 15, 34 and 36 of the Code of Practice. Here, the defendant, in exchange for a stated consideration, which was given to him by the plaintiff, promised her that he would undertake to send his son through medical school. Of course, the son himself, who had accepted the benefit of the stipulation made in his favor, could have sued for its enforcement under Article 35 of the Code of Practice. But the right of action is not exclusively vested in the son. On the contrary, the plaintiff, aside from the equitable consideration that she is the mother of the boy and therefore has a natural interest in seeing that the obligation of the contract is performed, has the right, as a party to the contract, to require that the defendant carry out his engagement. Nor do we entertain any doubt that the plaintiff, upon the defendant's refusal to live up to his obligation, had the right to pay to Tulane University, on his behalf, the required tuition for the semester beginning in February, 1940, and that she

can now demand that he reimburse her for this expense.

The facts of this case are practically identical with those appearing in the matter of McGaw v. O'Beirne, 126 La. 584, 52 So. 775. There, the plaintiff had obtained a judgment of divorce against the defendant in which she was given the custody of her three minor children (issue of the marriage) and was also awarded alimony at the rate of $40 per month. For the purpose of carrying out the divorce decree, the parties entered into a notarial contract wherein the defendant stipulated, as part consideration for the plaintiff's renunciation of her interest in the community property, to pay for the complete education of his children. After this contract was made, the plaintiff defrayed expenses amounting to $520 for sending her son to a preparatory school and she brought suit against her former husband to recover that sum and also to compel him to specifically perform his agreement to educate the boy which she estimated would cost $3,930.

The Supreme Court, in upholding the plaintiff's right to recover, found that the defendant had made a solemn contract whereby he had agreed to educate his children; that the evidence showed that the preparatory education of his son had cost his former wife $520; that $100 would be required to defray further educational expenses at the same school for another session and that it would cost $310 to thereafter send the boy to Tulane University for a two-year course in the engineering department. The court was further of the opinion that the evidence did not sustain plaintiff's demand for an additional $3,000, for which she sued, representing the expenses for sending the boy through a three-year post graduate course at some leading university in the North as it found that such an advance education was not within the contemplation of the parties at the time the contract was made. Judgment was accordingly granted in plaintiff's favor for the sum of $930.

We regard the foregoing case as complete authority for plaintiff's right to sue for the restitution of funds expended by her for her son's education because of defendant's refusal to comply with his promise. The defendant's exception of no right of action to plaintiff's suit was therefore improperly sustained by the court below.

When we consider the merits of the case, we experience no difficulty in concluding that the defendant has breached his agreement to pay the expenses attendant to sending his son through medical school. Although the defendant asserted in his answer that his promise is unenforcible because it was given without valid consideration, no testimony was submitted by him to sustain that contention. The contract on its face shows a valuable consideration—for the plaintiff, in exchange for defendant's promise, agreed to cause the cancellation and erasure upon the records of the mortgage office of the judgment she had obtained against him in so far as it affected his real estate on Soniat Street.

The only evidence submitted by the defendant, in support of his plea that he should be relieved from his obligation, is that his son has not been making passing grades in all of his subjects at Tulane University and that he has been informed by the boy's professors that it is not likely that his son will be able to master the course he is pursuing. We cannot regard this evidence as a justifiable excuse for the defendant's breach of his contract.

It is true that the Dean of the College of Arts and Sciences at Tulane University wrote to young Mattes calling his attention to the fact that he had not made the passing marks required in all of his subjects and warned him that, if he did not do better, he would not be permitted to continue his course. But this warning to the boy is not, of itself, a sufficient reason for the defendant to recede from his promise. The young man was not discharged from the university. On the contrary, the Dean of the College has let him continue his studies and is willing to give him the opportunity of doing better work. Under such circumstances, the defendant will not be permitted to recant from his promise and thereby deprive his son of the chance to improve his grades.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.