351 So.2d 858 (1977)
Robert C. WILLIAMS et ux., Plaintiffs-Appellants,
v.
The HANOVER INSURANCE COMPANY OF NEW YORK et al., Defendants-Appellees.
No. 13363.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
*859 Naff, Kennedy, Goodman, Donovan & Parnell by Frank S. Kennedy, Shreveport, for plaintiffs-appellants.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendants-appellees.
Before PRICE, MARVIN and JONES, JJ.
JONES, Judge.
Plaintiffs appeal seeking to increase a judgment for damages to a live oak tree caused when the automobile of defendant's insured collided with the tree some five years before trial. The trial judge did not award legal interest on $130, which was allowed as damages to shrubbery, because defendant delivered to plaintiffs a partial payment draft for this amount prior to suit. Plaintiffs seek legal interest on the partial payment. We increase the award for damages and otherwise affirm.

THE LEGAL INTEREST CLAIM
Shortly after the accident, plaintiffs' expert witness estimated the cost of replacement of damaged shrubbery would be $130. Defendant issued a draft to plaintiffs for this amount marked "Partial payment of property damage." Plaintiffs received the draft, but did not present it for payment. Plaintiffs' suit included this claim and legal interest.
When one party delivers a draft or check for less than the amount of a disputed claim with a notation thereon that acceptance constitutes full payment and it is subsequently endorsed by the payee, this acceptance constitutes an accord and satisfaction and bars recovery for the unpaid portion of the claim. Davis-Wood Lumber Company v. Farnsworth and Co., 171 So. 622 (La.App., Orl. 1937). Where there is no evidence or indication that a check is given *860 as payment in full of a disputed claim and there is no mutual understanding that if the check is accepted the claim will be deemed to have been paid in full, then accord and satisfaction does not result and the creditor is not estopped from claiming the balance. Jones v. Standard Life & Accident Insurance Company, 129 So.2d 84 (La.App., 3d Cir. 1961).
Plaintiffs contend that legal interest should be allowed because there was no legal tender. LSA-C.C. Arts. 2167, 2168. The circumstances do not constitute the legal tender contemplated by these articles. Nevertheless, the draft was delivered to plaintiffs and the proceeds were available long before institution of the suit. Plaintiffs could have collected the draft without prejudicing their claim for other damages. Jones, supra. Plaintiffs do not contend that the draft would not have been paid promptly upon presentation. Under these circumstances we hold plaintiffs are not entitled to recover legal interest on the $130.

DAMAGE TO THE LIVE OAK
The tree was planted by plaintiffs in 1960 and esthetically enhanced the appearance of plaintiffs' well-landscaped yard.
Defendant's expert tree surgeon, upon examination shortly after the collision, believed the tree would die because of this damage. He testified the oak, 12 inches in diameter at the time of the accident, was then worth $1,000. After the accident, and because of the uncertainty of survival, defendant's expert thought it would have a value of $200.
Fortunately, the tree made a 90 per cent recovery during the five years following the accident. This expert predicted the tree would fully recover within one or two years, and the only effect of the injury was a slight retardation of growth during the healing period. It was also shown the tree grew six inches in diameter during the five year period. Plaintiffs' evidence established that a healthy tree of this kind, 18 inches in diameter, was worth $2800.
For some seven to eight years following the accident the esthetic value of the tree has been or shall be affected. The measure of damages is the loss of esthetic value caused by the injury to the tree. Tissot v. Great Southern Telephone & Telegraph Company, 3 So. 261 (La.1887); Oglesby v. Town of Winnfield, 27 So.2d 137 (La. App., 2d Cir. 1946).
The lower court awarded $350 for this damage or an average of $45 to $50 per year. We believe extensive damage to a large ornamental tree which requires seven or eight years to heal should average more than the amount assessed below. While the esthetic depreciation in the latter years of the healing process is not great as in earlier years, the lowest yearly average we would affirm under the circumstances presented would be $100. Coco v. Winston Industries, Inc., 341 So.2d 332 (1977). Accordingly, the award in this respect is increased to $700.
Judgment amended, and as amended, at appellees' cost, is affirmed.