415 So.2d 970 (1982)
Wilson BOUDREAUX, Plaintiff-Appellant,
v.
RILEY BUICK, INC., et al., Defendants-Appellees.
No. 14,810.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
Rehearing Denied May 12, 1982.
*971 McKeithen, Wear & Burns by Russell A. Woodard, Columbia, for plaintiff-appellant.
Oliver & Wilson by J. Michael Rhymes, Monroe, for Riley Buick, Inc.
Hudson, Potts & Bernstein by Gordon L. James, Monroe, for General Motors Corp.
Before PRICE, MARVIN and SEXTON, JJ.
MARVIN, Judge.
In this redhibitory action arising out of the sale of a new automobile, plaintiff appeals a judgment which decreed a reduction in the purchase price. Plaintiff contends that the trial court should have rescinded the sale.
CC Art. 2543 expressly provides that in a redhibition action the judge may decree a reduction in price. Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So.2d 691 (1958). Where the defects do not render the thing sold useless, or its use so inconvenient to the degree that it is altogether unsuited to its purpose, the court may deny redhibition and grant a reduction in price. CC Arts. 2520, 2541, 2542. The degree and effect of a defect in the thing sold is a factual determination best made by the trial court under the circumstances of each case. Ark-La-Tex Builders & Realty, Inc. v. Hoge, 344 So.2d 90 (La.App. 2d Cir. 1977). The essential issue in this appeal is whether the trial court abused its discretion by ordering a reduction in the purchase price instead of rescinding the sale. We find no abuse and affirm the judgment.
Plaintiff purchased the automobile, a 1979 four-door Buick Electra, on November 9, 1978, for $13,250. During the next seven months he drove the car 6,600 miles and returned it to the dealer five times with various complaints, each time complaining of a noise or knock in the engine, which was usually attributed to low octane gasoline. The other complaints concerned such things as door, glove box, and molding adjustments, cosmetic appearance which was apparently corrected by spot painting, and water leakage on the passenger side of the front seat of the car which was not detected by tests made by the dealer.[1] Plaintiff *972 returned the car on November 13, 1978, on January 9, 1979 (with 1,500 miles on it), on January 17, on March 12 (with 3,400 miles), and finally on June 14, 1979 (with 6,600 miles).
On November 2, 1979, plaintiff brought the redhibition action against the dealer, who in turn made the manufacturer (GM) a third party defendant on December 6, 1979. After June 14, 1979, plaintiff drove the car for an additional 4,400 miles until January 1980, when he ceased driving it because he felt it was unsafe when the noise from the engine became louder. When defendants examined the car in February 1980 it had been driven 11,000 miles.
In May 1980 the car was taken by defendant's mechanic to a dealership in Alexandria where the engine was dismantled and examined by experts. One or more defective piston rods were discovered to be the cause of the engine knock or noise about which plaintiff had complained. The litigants agree that this was a latent manufacturing defect which existed at the time of the sale.
Plaintiff stated that his complaints to the dealer, other than about the engine noise, were "minor stuff" which he desired to have fixed so the car would look "real nice". Plaintiff's expert agreed that the engine could be repaired and the vehicle placed in an operable condition. This, the defendants offered to do, along with other preventive maintenance, such as replacing such things as windshield wipers and seals that might have hardened or deteriorated while the car was sitting idle for several months after January 1980.
Defendants obligated themselves or paid for telephone calls ($75) and a wrecker fee ($105) incurred in transporting the car to Alexandria for the inspection of the motor. In addition, defendants offered plaintiff $4,962.84 and later tendered plaintiff this amount by depositing it in the registry of the court before trial. This amount was reached by attempting to total the amount of the repair estimate ($2,142.84, less the $180 telephone and wrecker charges, or $1,962.84), plus the approximate amount of plaintiff's car payments for one year ($2,070) and $1,000 attorney fees.
The trial court's award, which totalled $5,162.84, included the repair estimate (which included the $180 telephone and wrecker charge) of $2,162.84, $1,500 reduction, and $1,500 attorney fees. The trial court's award should be viewed in the proper legal perspective as $3,662.84 reduction in price, plus $1,500 attorney fees.
A graphic comparison of the tender and the awards[2] reveals that defendants tendered at least $130 less than the total the trial court awarded. Under C.C. Art. 2545, attorney fees are a part of the "repayment of expenses" which a successful plaintiff in redhibitionquanti minoris is entitled to recover. See Borne v. Mike Persia Chevrolet Co. Inc., 396 So.2d 326 (La.App. 4th Cir. 1981), writ refused.
The total amount tendered ($4,962.84) is less than the total of the trial court's award ($5,162.84), not more. Defendants assert in answer to the appeal that because they tendered more ($2,000 or $2,070) than the trial court awarded for the actual "reduction," they should be relieved of costs. Defendants also suggest that $1,000 is more than adequate as attorney fees because that figure was suggested by the attorney for the plaintiffs during negotiations but before trial. Again we must make the comparison in the proper legal perspective. There is but one reduction in price, although that reduction may be based on several factors such as the factors used in this case.
Viewed in its totality and considering the circumstances that this automobile *973 had a defective engine when sold, but was yet driven for 11,000 miles for more than a year, and that the engine could have been repaired to a new condition for approximately $2,000, the trial court judgment awarding a reduction of $3,662.84 and attorney fees of $1,500 is not an abuse of discretion and achieves substantial justice between the litigants.
Similarly, where the defendants tender a total, including attorney fees, of $4,962.84, and the trial court award totals $5,162.84, the trial court has not abused its discretion in assessing defendants with costs and with legal interest. Legal interest should run on the total amount of the award from the date of judicial demand until the date of the tender and on the $200 difference from the date of the judgment of the trial court until paid. C.C. Art. 1938. See Williams v. Hanover Insurance Co. of New York, 351 So.2d 858 (La.App. 2d Cir. 1977).
The judgment is ordered amended accordingly. In all other respects we do not disturb the judgment appealed. Costs of this appeal shall be assessed one-half to plaintiff and one-half to defendants.
AMENDED AND AFFIRMED.
NOTES
[1] The following complaints and corrective steps taken were noted on the dealer's repair orders on:

(1) 11/13/78: (a) engine knocktiming adjusted; (b) wind noise, leakdoors adjusted; (c) molding tightened; (d) doors, trunk, deck lid painted; (e) rear bumper cushion ordered; (f) glove compartment aligned.
(2) 1/9/79: (a) monitor lamp repaired; (b) left front door repaired; (c) rear bumper pad replaced; (d) doors realigned; (e) engine knock checked.
(3) 1/17/79: (a) doors adjusted; (b) headlining repaired; (c) molding on rear glass repaired; (e) engine knock present.
(4) 3/12/79: (a) doors adjusted; (b) headlining on left side repaired; (c) repaint front fender; (d) water leak present; (e) engine knock continues.
(5) 6/14/79: (a) paint on left door checked; (b) doors adjusted; (c) adjust glove compartment; (d) tape player and radio not working removed for repair; (e) headlining repaired; (f) paint front door, grill and hood; (g) engine noise checked again.
[2] Total Reduction Attorney Fee Total
TENDER $4,032.84 $1,000 $5,032.84
AWARD 3,662.84 1,500 5,162.84
 _________ _______ _________
DIFFERENCE $ 370.00 ($ 500) ($ 130.00)

The correspondence leading up to the tender and defendants' pleadings in making the tender use the figures mentioned above which total $5,032.84. The actual tender, however, was $4,962.84 or $70.00 less than what the figures totalled.