CHEHARDY, Judge.
This appeal arises from a judgment on a rule for contempt filed against Darryl J. Tschirn by his former wife, now Mrs. Mary K. Kurzweg. Mrs. Kurzweg alleged Mr. Tschirn was in contempt of court for failing to pay tuition, medical, dental and drug expenses of his two minor children pursuant to an April 21, 1975 consent judgment sel/ ting child support. Mrs. Kurzweg sought to have Mr. Tschirn imprisoned until the alleged arrearages were paid.
By written opposition to the rule for contempt, Mr. Tschirn averred that the 1975 consent judgment had been superseded by a June 10, 1981 judgment in which tuition, *111 medical, dental and drug expenses were not mentioned. He stated that he had complied with all other portions of that 1981 judgment and thus was not in arrears in his child support. Therefore, he contended, he could not be held in contempt of court.
After a hearing on the rule on February 17, 1982, the trial court rendered a judgment finding that Mr. Tschirn was not in contempt of court. The trial judge stated in the judgment:
“ * * * [Tjhere is as much substance to Mr. Tschirn’s contention that the June 10, 1981, judgment completely replaced the April 21,1975, consent judgment as there is to Mrs. Kurzweg’s argument that the June 10, 1981, judgment modified only the so-called ‘cash portion’ of the earlier judgment and not the ‘in kind portion.’ ”
In an attempt to be fair to the parties, and to clarify the parties’ respective rights and liabilities, the trial judge then rendered a judgment not only incorporating the provisions of the 1981 judgment ($1,250 a month child support plus one-half the children’s summer camp expenses), but also including the provision that Mr. Tschirn pay all tuition, medical, dental, drug and hospital expenses thereafter incurred by his minor children.
Mr. Tschirn has appealed, and Mrs. Kurz-weg has answered the appeal.
Mr. Tschirn contends the trial judge erred by entering a new judgment on February 17, 1982 restating his child support obligations, because these were not properly before the court. In the alternative, if this court does not decide in his favor on that point, he raises several other specifications of error.
Mrs. Kurzweg contends the trial judge erred by failing to find Mr. Tschirn in contempt of court, and by failing to make the alleged arrearages executory. She also avers the trial court should have assessed attorney’s fees and costs against Mr. Tschirn.
Child support and alimony were first established between the parties by an April 21, 1975 consent judgment setting each at $750 per month, for a monthly total of $1,500 to be paid by Mr. Tschirn to his former wife. That judgment also incorporated by reference a document entitled “Separation Agreement and Settlement of Community Property.” That separation agreement provided in Paragraph 12, among other things, “In addition, Darryl will pay all tuition, medical, dental, drug and hospital bills incurred by or for the benefit of the minor children.”
Subsequently the former Mrs. Tschirn remarried, becoming Mrs. Kurzweg, and her alimony payments were discontinued. After her remarriage, she filed a rule to increase the child support being paid by Mr. Tschirn from $750 a month to $1,500 a month. That rule was heard in April 1981, and judgment was rendered on June 10, 1981. That judgment stated:
“After considering the testimony and the documents in evidence,
IT IS ORDERED:
(1) That DARRYL H. TSCHIRN pay the sum of $1,250.00 per month to his former wife, Mary K. Tschirn, for the support and maintenance of the two minor children born of this marriage, Darryl and Kathryn Tschirn;
(2) That Mr. Tschirn pay one-half (½) of summer camp expenses; and
(3) That Mr. Tschirn pay all costs [with] regard to the rules that were before the court on April 7,1981.
“JUDGMENT READ, RENDERED AND SIGNED in open court in Gretna, Louisiana, this 10th day of June, 1981.”
Unlike the 1975 judgment, the 1981 judgment neither referred to the separation agreement, nor specifically mentioned the payment of tuition and medical expenses. Mr. Tschirn has paid the $1,250 regularly when due, as well as half the summer camp expenses. However, he has refused Mrs. Kurzweg’s demands that he continue paying the children’s tuition and medical expenses. He takes the position that the 1981 judgment is complete in itself. Mrs. Kurz-weg, on the other hand, insists that the 1981 judgment was always intended to supplement, not to supersede, the 1975 judgment.
*112 In construing an ambiguous judgment, resort may be had to the entire record to aid in arriving at its meaning or to clarify its intention. Kilcrease, Ehlinger & Faulkner, Inc. v. McLeod, 357 So.2d 67 (La.App. 4th Cir.1978). Although we do not find the 1981 judgment to be ambiguous on its face, we are willing to give the litigants the benefit of the doubt. The parties made numerous references, in their briefs and in oral argument before this court, to the transcript of the April 7, 1981 proceedings upon which the June 10, 1981 judgment was rendered. Each side contends the testimony in those proceedings will establish his or her position. Mr. Tschirn has even appended a copy of that transcript to his brief.
The April 7, 1981 transcript, however, is not contained in the record before us, and it was not entered into evidence by either party during the February 1982 rule for contempt. This court can render judgment only on the record before it, and will not consider matters outside the record. See LSA-C.C.P. art. 2164. Accordingly, we cannot look into the testimony of April 7, 1981.
We find nothing in the pleadings or the testimony of the February 1982 proceedings that establishes any error by the trial judge in dismissing the contempt rule. Because we find neither manifest error nor abuse of his discretion, that ruling is affirmed.
It follows logically that Mrs. Kurzweg’s answer to the appeal is dismissed. Our conclusion on the contempt issue means there are no arrearages to be made executo-ry, and therefore she is not entitled to attorney’s fees from Mr. Tschirn.
Mr. Tschirn may nonetheless be liable to Mrs. Kurzweg for payment of the children’s tuition and medical expenses on the ground of breach of contract, since the separation agreement is a conventional obligation between the parties. Enforcement of that obligation, however, would be properly pursued by a direct action between the parties. LSA-C.C. art. 1926; LSA-C.C.P. art. 423; Pearlstein v. Mattes, 199 So. 151 (Orl.La.App.1940). See also McGaw v. O’Beirne, 126 La. 584, 52 So. 775 (1910). The enforceability of the separation agreement is not before us on this appeal, however, and therefore we do not rule on Mr. Tschim’s obligations under that document.
The final question we must address is whether the trial judge erred in entering a new judgment setting forth Mr. Tschirn’s child support obligations on February 17, 1982.
LSA-C.C.P. art. 1951 provides:
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.”
Article 1951 does not authorize an amendment to alter the substance of the judgment. The district judge may grant a limited or unlimited new trial; until he does, he cannot modify his previous judgment as to substance. Weber v. Bon Marche Pharmacy, Inc., 378 So.2d 520 (La.App. 4th Cir.1980), writ denied 381 So.2d 1220. In the absence of a timely application for new trial, a trial court cannot alter the substance of its judgment. Mitchell v. Louisiana Power & Light Co., 380 So.2d 743 (La.App. 4th Cir.1980). Similarly, where the time for appeal has elapsed without an appeal having been taken, the appellate court cannot alter the substance of a judgment.
Where the error in a judgment is one of substance, correction can be made by appropriate contradictory proceedings. Plantation Acceptance Corp. v. Stone, 379 So.2d 782 (La.App. 4th Cir.1979), writ denied 383 So.2d 24.
Thus, whether the district judge was correct in rendering a judgment which “restated” Mr. Tschirn’s support obligations depends on whether this “restatement” constituted an alteration in the substance of the 1981 judgment. We conclude it did, and therefore the trial judge was in error.
*113 Because neither party sought a new trial nor appealed the 1981 judgment, it became final after the appropriate delays elapsed.
As discussed above, the trial judge concluded that Mr. Tschirn’s contention that the 1981 judgment superseded the 1975 judgment was as reasonable as Mrs. Kurz-weg’s opposing interpretation. On this basis the trial judge refused to hold Mr. Tschirn in contempt. Since our review of the record reveals nothing to show the judge was clearly wrong, we conclude the 1981 judgment must be considered complete on its face. Accordingly, the trial judge erred by “restating” that judgment on February 17, 1982 to include tuition and medical payments. Since these were neither specifically included in the 1981 judgment, nor incorporated therein by reference, they constituted an alteration in substance of that judgment.
Furthermore, contrary to Mrs. Kurzweg’s argument to this court, we do not find her pleadings seeking to hold Mr. Tschirn in contempt were expanded by the February 17, 1982 testimony. Accordingly, we conclude there was no proper procedural basis for the trial judge to restate and alter the 1981 judgment in his 1982 judgment.
This conclusion is not to be construed in derogation of any independent rights the parties may have under their separation agreement.
For the foregoing reasons, that portion of the February 17, 1982 judgment dismissing the rule for contempt is affirmed. That portion of the judgment which orders Mr. Tschirn to pay “all tuition, medical, dental, drug and hospital expenses hereinafter incurred by his minor children” is set aside and annulled. It is ordered, adjudged and decreed that there be judgment herein in favor of Darryl J. Tschirn and against Mary Kathryn Harrington Kurzweg, dismissing the rule for contempt against Darryl J. Tschirn. Mrs. Kurzweg’s answer to Mr. Tschim’s appeal is dismissed. Each party is to pay his or her own costs.
AFFIRMED IN PART; SET ASIDE AND ANNULLED IN PART; AND RECAST.