KLEES, Judge.
This appeal is brought by the plaintiffs seeking a reversal of the trial court’s dismissal of their claims for additional interest on a previously awarded judgment. Plaintiff filed a Rule To Compel Satisfaction of Judgment and To Assess Interest against Defendant, Mississippi River Bridge Authority. Without assigning reasons, the trial court dismissed plaintiffs’ claims for additional interest.
The issue presented on appeal is whether an in solido judgment debtor can arrest the owing of interest on its one-half share of the judgment principal by forwarding to the judgment creditor payment of its one-half share, even though that debtor is liable for the full amount as an in solido judgment debtor.
Plaintiffs, Carolyn Ann Brown, widow of George Henry Schmidt, individually and on behalf of the minor, Christian Zachary Schmidt, originally filed a wrongful death action seeking recovery of damages incurred through the death of George Schmidt, who was involved in a vehicular collision. Included as defendants were Henry Holmes, Jr., Cheryl L. Butts, Commercial Union Insurance Company, Michael Christopher, Mississippi River Bridge Authority, Boh Bros. Construction Co., Inc., and Government Employees Insurance Company. The trial court awarded plaintiffs Two hundred thirty-five thousand, *578 eight hundred eighty-six and 00/100 ($235,-886.00) Dollars. On appeal, this court affirmed the award against all the defendants except Cheryl Butts and her insurer. Holmes v. Christopher, 435 So.2d 1022 (La. App. 4th Cir.1983), writ denied, 440 So.2d 723 (La.1983), 440 So.2d 724 (La.1983).
In November, 1983, the Mississippi River Bridge Authority (MRBA), forwarded to the plaintiffs a check in the amount of Two Hundred and Two Thousand One Hundred Eighty-eight and 90/100 ($202,188.90) Dollars, representing one-half of the judgment inclusive of interest and costs. Plaintiffs refused acceptance of the check on the grounds that plaintiff was entitled to full satisfaction of the judgment at one time from either or both MRBA or Boh Bros, as in solido judgment debtors, and to accept less than full payment would prejudice their rights to full satisfaction of the judgment. Counsel for defendant, MRBA, sent a detailed letter, dated November 23, 1983 to plaintiffs’ counsel, stating, in part,
In transmitting to you this money it is not our intention to ask that you waive any right that Mrs. Schmidt has to ultimately collect the judgment in full against MRBA or its insurer in the event that collection against Boh Bros, should not prove possible. We send this check to you recognizing that Mrs. Schmidt, by accepting the check, would not be waiving any such rights.
In January 1984, plaintiffs received payment of Two Hundred Four Thousand Seven Hundred Forty-three and 87/100 ($204,-743.87) Dollars from Boh Bros. Construction Co. This amount constituted one-half of the total judgment principal, costs, and interest due on January 9, 1984. Once Boh Bros, had forwarded its check, the plaintiff accepted MRBA’s original tender of $202,-188.90. The payment made by MRBA did not include the interest that allegedly accrued from November 23, 1983, to January 9,1984. Defendant, MRBA, refused to pay the additional interest, arguing that the tender of the check in November 1983 interrupted the accrual of interest on its share of the judgment. Plaintiff, then filed a Rule to Compel Satisfaction of Judgment and To Assess Interest against Defendant, MRBA, to recover the accrued interest, which totalled $2,554.97. The trial court, agreeing with the defendant’s argument, dismissed plaintiffs’ claim for the additional interest.
In similar situations, the Courts of Appeal for the Second and Third Circuits have affirmed the trial court’s refusal to award legal interest. In Williams v. Hanover Ins. Co., of New York, 351 So.2d 858 (La. App. 2nd Cir.1977), the plaintiff brought suit for damages to a live oak tree and shrubbery caused by defendants’ insured. The trial court did not award legal interest on $130, which was allowed as damages to the shrubbery, because the defendant delivered to plaintiffs a partial payment draft for the $130 prior to suit. In affirming the trial court's action, the appellate court stated, “The draft was delivered to plaintiffs and the proceeds were available long before institution of the suit. Plaintiffs could have collected the draft without prejudicing their claims for other damages.” Williams, 351 So.2d at 860.
The Third Circuit, citing Williams with approval in Carlyon v. Aetna Cas. & Surety Co., 413 So.2d 1355 (La.App. 3rd Cir. 1982), held that the plaintiff was not entitled to legal interest on the proceeds of a tendered settlement which was available to him without prejudicing his claim to disputed damages. The court stated that the plaintiff was not entitled to recover legal interest on the tendered amount beyond April 3, 1981, the date of the tender.
In the present case, MRBA’s payment of one-half of the judgment was tendered to plaintiff on November 23, 1983. It is clear by defendant’s letter that the plaintiffs could have accepted this payment without prejudicing their rights to go against MRBA or any other defendant for the rest of the judgement. We conclude that under these circumstances, plaintiffs are not entitled to legal interest on MRBA’s one-half share of the judgment beyond November 23,1983. Accordingly, the judgment of the *579 All .costs of this trial court is affirmed, appeal to be borne by appellant.
Affirmed.