496 So.2d 1215 (1986)
TEXAS BANK OF BEAUMONT
v.
Kazem Michel BOZORG.
No. 86-CA-148.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
Richard T. Regan, Metairie, for plaintiff-appellant.
Thomas G. Donelon, Metairie, for defendant-appellee.
Before GRISBAUM, WICKER and NACCARI, JJ.
*1216 WICKER, Judge.
This appeal by Texas Bank of Beaumont (TBB) arises from an amended judgment rendered pursuant to a motion to fix the amount due on a judgment. The motion was filed pursuant to a judgment in an executory process action which established the ranking of competing collateral mortgages held by TBB and Massey-Ferguson, Inc. (MFI). We vacate the judgment and remand for further proceedings.
TBB was the holder of two collateral mortgages in the amounts of $35,000.00 and $200,000.00 respectively. On February 11, 1981, TBB filed a Petition For Executory Process against Kazem Michel Bozorg, seeking to enforce the mortgages by having the mortgaged property seized and sold. Massey-Ferguson, Inc. held a competing mortgage on the same property and intervened in the executory process action seeking to have its mortgage recognized and ranked superior to TBB's mortgages. Prior to trial the property was seized and sold at a Sheriff's sale. At the sale, TBB purchased the property for $229,167.00, which it sold shortly thereafter for $290,000.00, retaining the proceeds. Subsequently, the trial court rendered judgment in favor of MFI, finding that TBB had paid off and extinguished the original debt and was therefore not entitled to retroactive ranking under L.S.A.-C.C. art. 3158. TBB appealed the judgment; and the court of appeal reversed, holding that TBB was entitled to retroactive ranking. Texas Bank of Beaumont v. Bozorg, 444 So.2d 698 (La.App. 5th Cir.1984). MFI sought review of the appellate court's decision by the Louisiana Supreme Court, but only as to the ruling regarding the $200,000.00 collateral mortgage note. MFI did not seek review of that portion of the appellate court's judgment which ranked TBB's $35,000.00 claim superior to that of MFI. The Louisiana Supreme Court reversed this court's decision in part, holding that TBB's mortgage was superior to the mortgage of MFI, but only up to the amount of $88,025.34, plus accrued interest. Costs we re assessed one-half to each party. Texas Bank of Beaumont v. Bozorg, 457 So.2d 667 (La.1984).
Following the Supreme Court decision, MFI filed a motion in the trial court to fix the amount due on the judgment. After a hearing on the matter, the trial judge rendered a judgment decreeing that MFI was entitled to the amount of $41,029.96. Because the judgment inadvertently confused the parties, causing the calculations to be incorrect, MFI filed a motion for a new trial and requested a order to show cause why the judgment should not be amended. Instead of acting on the motion, the trial judge amended the judgment correcting the error and recalculated the figures with the result that the award to MFI totaled $77,640.07, together with legal interest from August 26, 1981. As a consequence, TBB perfected an appeal of the amended judgment.
In its appeal to this court, TBB alleges that the trial court erred in amending the judgment because the amendment is a substantive change and because the trial court had previously denied MFI's motion for a new trial. TBB further asserts in the alternative, assuming arguendo that the motion for a new trial was granted, that the trial court lacked authority to amend the judgment without reargument, notice of new trial, and a hearing on the motion which MFI presented as a rule to show cause. Finally, TBB alleges that the trial court was manifestly erroneous in its determination of the amount due to MFI. Because we find that a remand is required in this case, we need not address TBB's final issue involving the merits of the trial court's award to MFI.
The first two issues presented by TBB are whether the amended judgment substantively altered the prior judgment in violation of L.S.A.-C.C.P. art. 1951 and whether the amended judgment was rendered pursuant to a motion for new trial. L.S.A.-C.C.P. art. 1951 authorizes the trial judge to modify his judgment if the change does not affect the substance of the judgment. The article provides:

*1217 "A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) to alter the phraseology of the judgment, but not the substance; or
(2) to correct errors of calculation."
An alteration in the judgment which does not affect the substance is one that neither takes anything away from nor adds anything to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3rd Cir.1982). Substantive changes to a final judgment can be made by the trial court only pursuant to a timely motion for new trial. Tschirn v. Tschirn, 434 So.2d 109 (La.App. 5th Cir.1983), set aside and remanded 436 So.2d 1167 (La.1983), affirmed in part, reversed in part on other grounds, 434 So.2d 113 (La.App. 5th Cir.1983). The trial court may grant a limited or unlimited new trial. However, when substantive changes are made without granting a new trial, the amended judgment is invalid. Edwin M. Jones Oil Co., Inc. v. Cobb, 469 So.2d 357 (La.App. 2nd Cir.1985); Naulty v. Oupac, Inc., 448 So.2d 1322 (La.App. 5th Cir.1984).
An amendment which changes the amount due has been held to be an alteration of the judgment's substance and not a correction of errors of calculation. Jefferson v. Laure N. Truck Lines, 181 So. 821 (La.App.Orl.1938); Pringle Associated Mortgage Corp. v. Cox, 234 So.2d 854 (La. App. 1st Cir.1970); Almerico v. Katsanis, 458 So.2d 158 (La.App. 5th Cir.1984). The Jefferson case involved a rule to have an expert's fees taxed as costs after a final judgment awarding plaintiff worker's compensation benefits. The amendment in Pringle altered the amount of the principal amount due on which the interest was calculated. In Almerico an attorney brought an action on "open account" to recover attorney's fees. There, the original award was reduced in an amended judgment; however, this court annulled the amended judgment after finding that the change was substantive.
In this case, MFI filed a motion to fix the amount due on the judgment rendered by the Louisiana Supreme Court in Texas Bank of Beaumont, supra; and the trial court subsequently rendered a judgment for MFI in the amount of $41,029.96. However, the judgment shows that the trial court erroneously and inadvertently stated that "the Supreme Court left intact the $35,000.00 principal claim of MFI ...", when the $35,000.00 claim was actually the claim of TBB. Thus, the trial judge's calculations were clearly wrong. Upon discovering the error, MFI filed the motion for a new trial. Apparently believing that the mistake could be corrected without a new trial, the order attached to the motion for new trial was marked "Moot"; and the trial judge proceeded to amend the judgment correcting the error which necessitated a recalculation of the amount owed to MFI. The resulting judgment increased MFI's award to $77,640.07. Because the alteration of the award "added to" the judgment, we agree with TBB that it constitutes a substantive change which invalidates the amended judgment. Villaume, supra; Zeigler, supra.
TBB recognizes in its specification of error that MFI filed a timely motion for new trial and that, under the jurisprudence, substantive alterations may be made to a judgment pursuant to the motion for new trial. Caldwell v. Shipp, 441 So.2d 808 (La.App. 2nd Cir.1983); Naulty, supra. However, TBB asserts that the motion was impliedly denied since the motion was neither acted upon nor a hearing set for the motion. Thus, TBB asserts that the original judgment has become final, since MFI's appeal time has elapsed. Our review of the record indicates, as we stated previously, that the trial judge did not act on the motion because it appeared to him that a new trial was unnecessary. In fact, the trial judge noted on the order attached to the motion that the matter was moot. Consequently, we find that while the amended judgment must be vacated, the motion for new trial is an open matter, entitling MFI to a ruling on the motion. We further find *1218 that MFI's time for appeal has not yet commenced to run.
Accordingly, the trial court's judgment is hereby vacated and the case remanded for further proceedings on the motion for new trial in accordance with law.
JUDGMENT VACATED AND CASE REMANDED.