WICKER, Judge.
The Texas Bank of Beaumont suspen-sively appeals certain findings of the trial judge with regard to interest and apportionment of costs in a sheriffs sale. We affirm in part, reverse in part, and render.
Texas Bank was the holder of two mortgages executed by the original defendant, Kazem Michel Bozorg. It sought exec-utory process to enforce these mortgages by having property seized and sold. Another holder of a mortgage executed by Bozorg, Massey-Ferguson, Inc., intervened to have its own mortgage recognized and ranked. Texas Bank purchased the property at the sheriff's sale on August 26, 1981, for less than the amount necessary to pay off the outstanding mortgages.
The trial of respective rankings and of issues of retroactivity of the mortgages resulted in a judgment in favor of Massey-Ferguson. Texas Bank appealed the ruling on one of the mortgages, and that appeal was heard by a five-judge panel of this court. The panel reversed the trial court, retroactively ranking Texas Bank’s mortgage so that it primed that of Massey-Ferguson. 444 So.2d 698 (La.App. 6th Cir. 1984), writ granted 449 So.2d 1342 (La.1984). The Supreme Court reversed the Fifth Circuit in part, finding that only part of Bozorg’s obligation to Texas Bank should be ranked retroactively. It held that $88,026.34 of his indebtedness plus accrued interest should prime Massey-Ferguson’s claim, with “costs ... to be assessed one-half to each of the two creditors.” 457 So.2d 667, 675 (La.1984).
Following this ruling, Massey-Ferguson asked the trial court to determine the amount due under its judgment, taking into consideration Texas Bank’s superior claims of $88,025.34 and $35,000.00 (the unap-pealed mortgage). The property had been sold at the sale to Texas Bank for $229,-167.00, a sum insufficient to pay off both creditors in full. Since Texas Bank was apparently entitled to $123,025.34, plus an additional sum in interest, attorney’s fees, and costs, Massey-Ferguson asked the court to determine the extent of Texas Bank’s entitlement so it could know precisely what was left over to satisfy its judgment.
Texas Bank had resold the property for $290,000.00, and Massey-Ferguson alleged the bank had the use of either the property or the proceeds since the sheriff’s sale. (This may have been only a paper transaction during a buy-out of Texas Bank by another bank.) Massey-Ferguson claimed Texas Bank owed it interest on its share of the proceeds from the date of the judicial sale until the date of payment. $9,135.35 had been expended by Texas Bank and by Massey-Ferguson in pursuing their respective claims, but Texas Bank’s expenditure was much larger since it had the costs and commission of the sheriff’s sale. Massey-Ferguson urged the trial court to divide those costs equally between the parties, in accordance with the Supreme Court’s opinion. Texas Bank opposed Massey-Ferguson’s contentions, arguing that it should receive interest on the amount due it through the dates of the Fifth Circuit and Supreme Court decisions and that the costs should be deducted from the sale proceeds prior to any further calculation, effectively charging all costs to Massey-Ferguson. By Massey-Ferguson’s calculation, Texas Bank would be entitled to a total of $151,-526.93 less one half of the costs, and Massey-Ferguson would be entitled to whatever remained, or $110,093.62. By Texas Bank’s calculations, it would be entitled to $210,639.14, and Massey-Ferguson would receive $10,407.40.
The trial judge considered the pleadings, the record, the Supreme Court opinion, and the arguments and awarded Massey-Fer *500 guson $41,029.96 “together with legal interest from August 26, 1981 until paid and for all additional costs incurred herein (emphasis added).” The trial judge outlined his reasons:
Texas Bank of Beaumont had seized and bought the property for $229,167.00 on August 26, 1981. Said bank did not deposit the sale proceeds in the Registry of the Court or in any interest accumulating account and sold it shortly thereafter for $290,000.00.
The Supreme Court left in tact [sic] the $35,000.00 principal claim of Massey Ferguson. To this sum is added the accrued interest up to the date of the purchase by Texas Bank of Beaumont which amounts to $5,015.06. The Court awards court costs in the amount of $1,014.90 which is the actual amount expended by Massey Ferguson, Inc. The Court cannot consider that the Supreme Court intended that Massey Ferguson, Inc. should share in splitting the $8,000.00 or $9,000.00 in court costs expended by Texas Bank of Beaumont. It appears to be quite equitable that each party be reimbursed for the actual expenditures as court costs or expenses in connection with his proceeding. These sums add up to $41,029.96.
Massey-Ferguson moved for a partial new trial on two grounds: the judgment awarded to it the $35,000.00 that Texas Bank was entitled to, and the trial judge failed to make any distribution of the proceeds of the sheriffs sale over and above that uncontested amount due Texas Bank. This motion was neither granted nor denied; an amended judgment awarded Massey-Ferguson $77,640.07 “together with legal interest from August 26, 1981 until paid and for all additional costs incurred herein.” The trial judge assigned additional reasons:
The Supreme Court left intact the $35,-000 principal claim of Texas Bank of Beaumont. To this sum is added the accrued interest up to the date of the purchase by Texas Bank of Beaumont which amounts to $5,015.06 plus attorneys fees in the amount of $8,003.01 or a total of $48,018.07. Texas Bank of Beaumont is also entitled to receive, on the second note, the principal amount of $88,-025.34 plus interest through the date of the sheriffs sale in the amount of $15,-483.52 or a total of $103,508.86. Thus, Texas Bank of Beaumont was entitled to receive a total of $151,526.93 on its claims under the two notes.
The proceeds of the sheriffs sale amounted to $229,167.00; deducting the $151,526.93 due to Texas Bank of Beaumont, the remaining balance of $77,-640.07 is due to Massey Ferguson, Inc. together with legal interest on said amount.... The Court cannot consider that the Supreme Court intended that Massey Ferguson, Inc. should share in splitting the $8,000.00 or $9,000.00 in court costs expended by Texas Bank of Beaumont.
Following Texas Bank’s first appeal, Massey-Ferguson moved to set its previously-filed motion for a new trial for hearing, noting that it had never been set nor had it been either granted or denied. Texas Bank excepted to the trial court’s jurisdiction. The Fifth Circuit vacated the amended judgment and remanded the matter for a hearing on Massey-Ferguson’s motion for a new trial, 496 So.2d 1215. Ultimately, on remand, the trial court reinstated its previous amended judgment, finding it correct, and its previous amended reasons.
Texas Bank has appealed suspensively from this judgment, arguing that the trial judge was manifestly erroneous in two respects: (1) he failed to reduce the sales proceeds by the costs of the sheriff’s sale, and (2) he used erroneous figures in his calculations of the amount due.
COSTS OF THE SHERIFF'S SALE
The actual amounts spent by Texas Bank were $6,875.00 in sheriff’s commission and $1,245.00 in costs of the sale and court costs. Massey-Ferguson spent $1,113.00 in court costs. The Supreme Court ruled that the parties should each pay one-half of the “costs”, without specifying whether or not the sheriff’s commission should be included in those “costs.” The trial judge concluded that the Supreme *501 Court never meant that Massey Ferguson should have to pay half of the sheriffs commission. We do not agree and find that the trial judge erred in this regard.
Texas Bank contends that La.C.Civ.P. art. 2373 mandates the costs of the sheriff’s sale be deducted prior to calculation of what is due Massey-Ferguson. Massey-Ferguson submits that requiring Texas Bank to bear the costs of the sale which it provoked is not manifest error. We believe that neither position is correct and that we should follow the decision of the Supreme Court and divide the total costs of $9,233.00 equally between the parties. We increase the amount due Texas Bank by one-half of these costs, or $4,616.50, and decrease the amount due Massey-Ferguson by $4,616.50.
INTEREST
A novel question is presented under the facts of this case. Instead of the usual contest over the commencement of the running of interest, we have a disagreement over the termination of the running of interest. Texas Bank argues that the interest provided for in its promissory notes should run until the Fifth Circuit and Supreme Court decisions ranking its mortgages were final. Massey-Ferguson argues that the accrual of interest should be cut off as of the date of the judicial sale, reflecting the reasoning of the trial judge. Neither higher court ruling specifies the date of termination. Texas Bank alternatively argues that if it is not entitled to interest past the date of the judicial sale, neither is Massey-Ferguson.
Neither party has cited us to any statutory or jurisprudential authority for the propositions it urges. Nevertheless, logic and fairness are on the side of Massey-Ferguson. To the extent that Texas Bank has had its claim satisfied by the property, it should not also be earning interest on that claim. To do otherwise would be to allow double recovery: the use of the property and the interest on the debt extinguished by the conveyance of that property.
The law governing the award of interest does not provide for the termination of its accrual, except that it should continue until the debt is paid. Boudreaux v. Riley Buick, Inc., 415 So.2d 970 (La.App. 2d Cir. 1982), writ granted 420 So.2d 166 (La.1982). “The court shall award interest in the judgment as prayed for or as provided by law.” La.C.Civ.P. art. 1921. “If the borrower does not return the things lent or their value, at the time appointed, he shall be bound to pay interest from the time that a judicial demand of it has been made.” La.C.C. art. 2922.
We believe that, under the circumstances of this case, Texas Bank’s acquisition of the property was the equivalent of payment of the claim and should stop the running of interest. Of course, Texas Bank is not prevented from seeking a deficiency judgment against Bozorg for the difference between the amount of the claim and what it has received under the judgments rendered in this case, including interest on this difference.
With regard to Texas Bank’s alternative contention, that Massey-Ferguson should not receive any interest either, we note the very different circumstances of the parties. Texas Bank has had the exclusive control over the property and the opportunity to resell, lease or otherwise dispose of it since August 1981. Massey-Ferguson has had nothing.
We affirm the judgment of the trial court awarding interest; but we reverse the apportionment of costs. We increase the amount due Texas Bank of Beaumont to $156,143.43 and decrease the amount due Massey-Ferguson, Inc. accordingly. Texas Bank and Massey-Ferguson, Inc. must share equally the costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.