WICKER, Judge.
Fidelity and Deposit Company of Maryland appeals a judgment rendered against it and in favor of Massey-Ferguson, Inc. on Fidelity’s suspensive appeal bond. We affirm.
Fidelity’s liability is based upon the case of Texas Bank of Beaumont v. Bozorg, and the issue in that case was the ranking of competing mortgages held by Texas Bank and Massey-Ferguson. On April 19, 1982, the judge ruled in favor of Massey-Ferguson; and Texas Bank filed a suspen-sive appeal. Fidelity is the surety on the May 26, 1982, appeal bond.
The Fifth Circuit reversed on January 10, 1984. 444 So.2d 698 (La.App.1984), writ granted 449 So.2d 1342 (La.1984). The Supreme Court reversed the Fifth Circuit and definitively ranked the competing mortgages. 457 So.2d 667 (La.1984). Massey-Ferguson then petitioned the trial court to determine the amount due under this judgment. The issues were apportionment of costs and accrual of interest.
Texas Bank again appealed the resulting decision of June 25, 1985, to the Fifth Circuit; and this court reversed again and remanded on October 14, 1986, for a new trial on these issues. 496 So.2d 1215 (La. App.1986). Another judgment resulted on January 13, 1988; and on appeal the Fifth Circuit affirmed in part, reversed in part, and rendered, finally resolving the cost and interest issues. 534 So.2d 498 (La.App.1988).
Fidelity filed suit for a declaratory judgment to determine the respective rights and obligations of it and Massey-Ferguson vis-a-vis the May 26, 1982, suspensive appeal bond. The judge ruled Fidelity liable to Massey-Ferguson for the amount that Texas Bank had been cast in judgment. In so ruling, the judge stated,
The Court is of the opinion that the surety on the suspensive appeal bond is liable for the amount its principal, which is now defunct, has been cast in judgment. In the instant case, the Supreme Court simply modified the judgment of the Trial Court. The appeal bond was initially posted for this judgment. No new proceedings were instituted on the merits of the cause, and no new evidence was introduced.
The judge shortly thereafter amended this judgment to correct a misstatement in her preamble.
Fidelity appeals the original and amended judgments. The issue is whether Fidelity is liable under the terms of its bond for the judgments, including the judgment fixing costs and interest.
Fidelity argues that, since the Supreme Court did not render a judgment as a result of the writ application, it was discharged from its obligations under the bond posted for the first appeal. Massey-Ferguson argues that the Supreme Court ruling was a judgment which left only the issue of costs and interest unresolved. We agree with this latter contention.
La.C.Civ.P. art. 2124 D provides that
A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or *1066 that otherwise the surety is liable for the amount of the judgment.
(Emphasis added.) The bond itself obligates Fidelity to “satisfy any judgment that may be rendered against it [Texas Bank] and should it fail to satisfy the judgment, the undersigned, as surety, will be liable for the amount of the judgment.” (Emphasis added.)
The “amount of the judgment” was not determined until this court rendered its opinion fixing responsibility for costs and interest. This judgment, and its predecessors which determined ranking and distribution of the proceeds from the sheriff’s sale, together constitute “any judgment” which Fidelity is obligated to satisfy.
La.C.C. art. 3059, effective in 1987, is also relevant. “The extinction of the principal obligation extinguishes the surety-ship.” The principal obligation has never been extinguished.
The parties correctly note the paucity of decisions on this issue and cite those few which approximate the instant factual situation. We are impressed by the reasoning in Diamond v. Petit, 3 La.Ann. 37 (1848), where the issue was whether the surety was discharged from liability on the appeal bond because the trial judgment was not affirmed but was reversed and rendered for a lesser amount. The Court ruled that the Code of Practice article [substantially the same as La.C.Civ.P. art. 2124] governing suspensive appeal bonds
is very large and comprehensive, and covers not the mere case of affirmance, but whatever judgment may be rendered against the appellant.... Looking, therefore, to the broad control of the appellate court, to which the litigant demands the removal of his cause, completely suspending in the meanwhile the action of his creditor, there is an obvious propriety in the requisition of the law that he should give security that he will satisfy not only the judgment already rendered, but whatever judgment shall be rendered against him; and for this duty, however onerous, he receives an equivalent. The delay occasioned by the appeal is the price paid by the appellee for the additional security....
[[Image here]]
[T]he fair construction [of the Code of Practice] appears to be that, to relieve the surety, the success of the appellant must be complete; and that if he be cast in part, that is, if a portion of the appel-lee’s demand be sustained by a judgment of the appellate court, the condition of the bond is not saved, and the surety remains bound.
At 39. We note that this language may be dicta, since the ultimate resolution was in favor of the surety because of improper notice to it. See also Cooper v. Rhodes, 30 La.Ann. 533 (1878).
We believe the case of Aetna Cas. Sur. Co. v. LaSalle Pump & Supply Co., 804 F.2d 315 (C.A. 5th Cir.1986), is distinguishable. Following the appeal, that case was remanded for lack of proof of damages; and an entire trial of this issue was held on remand. The language of the holding makes clear that it is limited to those cases where the judgment is reversed on appeal. In the instant case, although the Fifth Circuit reversed, the Supreme Court reversed this circuit. There was no remand of the case, only a petition by Massey-Ferguson to fix the amount due it under the judgment. The later remand in 496 So.2d 1215 (La.App.1986) was simply to permit the trial judge to amend his judgment to correct it and not for a new trial of any issue.
We hold that the surety bond of Fidelity remained in effect through the rendition of the final judgment fixing costs and interest and that Fidelity is liable to Massey-Ferguson, under the terms of its bond, for the judgment rendered by this court in 534 So.2d 498 (La.App.1988). We note that Massey-Ferguson first brought suit in 1981 and apparently has not received anything of what it is owed despite judgments in its favor and a suspensive appeal bond. We affirm the judgment of the trial court against Fidelity and Deposit Company of Maryland and in favor of Massey-Fergu *1067 son, Inc. Fidelity must pay the costs of this appeal.
AFFIRMED.