DOMENGEAUX, Judge.
Plaintiff, Jeffery L. Bourque, Sr., filed suit against his wife, Lynn M. Landry, seeking a separation from bed and board on the grounds of cruel treatment and/or constructive abandonment. Defendant, Lynn M. Landry, filed an Answer and Re-conventional Demand asking for a separation on the grounds of abandonment and cruelty, together with a rule seeking alimony pendente lite. A judgment, submitted by consent of both parties, was thereafter signed awarding Lynn Landry Bourque alimony in the amount of $225.00 per month. Thereafter the defendant, plaintiff in re-convention, filed a rule seeking an increase in alimony. This matter was heard on a rule nisi by regular assignment and the defendant was awarded additional alimony in the amount of $225.00. Subsequently, after a trial on the merits, the district court granted a judgment of separation a mensa et thoro in favor of Lynn Landry Bourque on the grounds of abandonment without just cause and dismissed Jeffery Bourque’s demands. From this judgment, plaintiff-defendant in reconvention has appealed.
Without reviewing in depth the many unsupported accusations of both parties, we find the relevant facts to be as follows. Jeffery and Lynn Bourque were married June 21, 1958. They had six children in rather rapid order. Thereafter, a period of some two or three years elapsed without any pregnancies, apparently due to birth control devices. In November of 1969 Jeffery decided that he wanted another child. His testimony was to the effect that he had “need for a child”. Mrs. Bourque, on the other hand, at first declined claiming that she was on the verge of a mental collapse in addition to physical problems. Apparently Jeffery threatened that he would abandon his wife if she did not submit. Thereafter a child was born on December 15, 1970. Lynn testified that she had a very difficult pregnancy including false labor pains for a number of months before birth. In November, 1971, Jeffery won a trip to Acapulco, Mexico. Mrs. Bourque accompanied him and both testified that sexual intercourse took place on the trip. Thereafter marital problems developed and sexual relations were termi *220 nated between the parties somewhere between January and May of 1972. In May it was mutually agreed that Jeffery would continue living in their home but that he and his wife would occupy separate bedrooms. Thereafter the conjugal relationship between the parties progressively worsened. On December 14th of the same year Jeffery started openly dating another woman. On one occasion, December 29th, he telephoned the woman from his home in front of his wife and children, openly antagonizing his wife. A verbal fight followed and it was Jeffery’s testimony that at this encounter his wife threatened to kill him. This allegation was denied by his wife and her mother, and was unsupported by any further evidence. Jeffery thereafter left the matrimonial domicile on December 30, 1972, and in his petition admits that the parties have not been reconciled since that date.
The principal assignment of error on appeal is the failure of the trial court to find that appellee-wife’s action in refusing to have sexual relations with her husband for a period of some months was cruel treatment thereby giving plaintiff-husband just cause to leave the matrimonial domicile and entitling him to a separation from bed and board.
 It is true as contended by appellant that one of the marital obligations of spouses is to mutually submit to the reasonable and normal sex desires of each other. Mudd v. Mudd, 206 La. 1055, 20 So.2d 311 (1944). In fact recently the 4th Circuit Court of Appeal in Phillpott v. Phillpott, 285 So.2d 570 (La.App. 4th Cir. 1973) held that unjustified, persistent denial of sexual intercourse constitutes cruel treatment within the statute relating to grounds for separation. But it is also clear that such refusal must be unreasonable or unjustified.
Nevertheless, the trial judge did not find these aforementioned principles of law applicable to the factual situation of our case. In oral reasons, he found that the evidence showed that Jeffery Bourque, Sr. did in fact abandon his wife without just cause. He further found that the elicited testimony at trial did not sustain the position of either party as to their allegations of cruel treatment, bringing about the separation.
The trial judge apparently placed little credence in either the testimony of Jeffery or Lynn Bourque. We are not able to evaluate the credibility of the parties as was the trial judge.
Thus the primary question presented by this appeal is one of fact and credibility and we cannot say that the finding of facts by the trial court was so erroneous and unsupported by the evidence as to warrant a reversal.
For the above and foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.