434 So.2d 113 (1983)
Darryl J. TSCHIRN
v.
Mary Kathryn Harrington, Wife of Darryl J. TSCHIRN.
No. 5-350.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1983.
Writs Granted March 18, 1983.
*114 Tschirn & Robin (Darryl J. Tschirn, in pro. per.) Covington, for appellant.
Stone, Pigman, Walther, Wittmann & Hutchinson, Phillip A. Wittmann, Kyle D. Schonekas, New Orleans, for appellee.
Before CHEHARDY, BOWES and CURRAULT, JJ.
CHEHARDY, Judge.
Following our previous opinion in this matter, rendered January 10, 1983, 434 So.2d 109, the appellee/cross-appellant, Mrs. Mary K. Kurzweg, sought and was granted writs by our Supreme Court. On March 18, 1983, the Supreme Court issued the following directive to this Court:
"Granted. The rulings of the court of appeal that judgment can be rendered only on the partial record before it (referred to as `the separation agreement') are in error and are set aside. The record is available and should be supplemented if needed by the court of appeal. The entire child support claim was placed at issue in the contempt rule. The case is remanded to the court of appeal for reconsideration and determination of the issues."
As stated in our previous opinion, child support and alimony were first established between the parties by an April 21, 1975 consent judgment setting each at $750 per month, for a monthly total of $1,500 to be paid by Mr. Tschirn to his former wife. That judgment also incorporated by reference a document entitled "Separation Agreement and Settlement of Community *115 Property." The separation agreement provided in Paragraph 12, among other things, "In addition, Darryl will pay all tuition, medical, dental, drug and hospital bills incurred by or for the benefit of the minor children."
Subsequently the former Mrs. Tschirn remarried, becoming Mrs. Kurzweg, and her alimony payments were discontinued. After her remarriage, she filed a rule to increase the child support being paid by Mr. Tschirn from $750 a month to $1,500 a month. The rule was heard in April 1981, and judgment was rendered on June 10, 1981. That judgment stated:
"After considering the testimony and the documents in evidence,
IT IS ORDERED:
(1) That DARRYL H. TSCHIRN pay the sum of $1,250.00 per month to his former wife, Mary K. Tschirn, for the support and maintenance of the two minor children born of this marriage, Darryl and Kathryn Tschirn;
(2) That Mr. Tschirn pay one-half (½) of summer camp expenses; and
(3) That Mr. Tschirn pay all costs [with] regard to the rules that were before the court on April 7, 1981.
"JUDGMENT READ, RENDERED AND SIGNED in open court in Gretna, Louisiana, this 10th day of June, 1981."
Unlike the 1975 judgment, the 1981 judgment neither referred to the separation agreement, nor specifically mentioned the payment of tuition and medical expenses. Mr. Tschirn has paid the $1,250 regularly when due, as well as half the summer camp expenses. However, he has refused Mrs. Kurzweg's demands that he continue paying the children's tuition and medical expenses. He takes the position that the 1981 judgment is complete in itself. Mrs. Kurzweg, on the other hand, insists that the 1981 judgment was always intended to supplement, not to supersede, the 1975 judgment. This appeal arises from a rule for contempt filed by Mrs. Kurzweg to collect the alleged arrearages for tuition and medical payments.
After a hearing on the contempt rule on February 17, 1982, the trial court rendered a judgment finding that Mr. Tschirn was not in contempt of court. The trial judge stated in the judgment:
"* * * [T]here is as much substance to Mr. Tschirn's contention that the June 10, 1981, judgment completely replaced the April 21, 1975, consent judgment as there is to Mrs. Kurzweg's argument that the June 10, 1981, judgment modified only the so-called `cash portion' of the earlier judgment and not the `in kind portion.'"
In an attempt to be fair to the parties, and to clarify the parties' respective rights and liabilities, the trial judge then rendered a judgment not only incorporating the provisions of the 1981 judgment ($1,250 a month child support plus one-half the children's summer camp expenses), but also including the provision that Mr. Tschirn pay all tuition, medical, dental, drug and hospital expenses thereafter incurred by his minor children.
Mr. Tschirn appealed, contending the trial judge erred by entering a new judgment restating his child support obligations because these were not properly before the court; alternatively, he argues that the "cash" portion of the child support should not have been increased because Mrs. Kurzweg failed to show a substantial change of circumstances.
Mrs. Kurzweg answered the appeal, contending the trial judge erred by failing to find Mr. Tschirn in contempt of court, and by failing to make the alleged arrearages executory. She also avers the trial court should have assessed attorney's fees and costs against Mr. Tschirn.
In our previous opinion, we refused to consider the testimony from the 1981 hearing because neither party had introduced it into evidence at the trial of the 1982 rule for contempt. We considered our refusal proper and necessary in light of LSA-C. C.P. art. 2164 and Uniform RulesCourt of Appeal, Rule 2-1.7. We are bound, however, by the supervisory jurisdiction of the Supreme Court and have therefore ordered the record supplemented by the district *116 court with the transcript of the testimony from the April 7, 1981 hearing.
That transcript discloses that, at the start of the proceeding, Mrs. Kurzweg's attorney stated the hearing was for an increase in the cash portion of the child support. Mrs. Kurzweg testified that she did not wish to change the part of the earlier judgment under which Mr. Tschirn paid the tuition and medical expenses. Further, during the hearing the trial judge stated,
"The Court is not going to interfere with the portion of the judgment that requires Mr. Tschirn to pay educational, drug, hospital and medical expenses or whatever that part states. I don't think that part of the rule is at issue."
On the other hand, the 1981 judgment was not rendered until June 10, more than two months after the hearing. Immediately thereafter, the parties began disputing whether it was intended to encompass Mr. Tschirn's entire child support obligation or was only a part of it. At Mr. Tschirn's suggestion, the parties attempted several times to meet with the trial judge informally to ascertain what he had intended the 1981 judgment to encompass. For various reasons, they were never able to have a joint meeting with the judge.
At the 1982 hearing on the rule for contempt, Mr. Tschirn testified he recalled the judge's statement in the 1981 hearing quoted above, but that he honestly felt, in light of the evidence produced at the 1981 hearing, "[T]he June 10 judgment was a judgment taking everything into consideration and finally saying once and for all this is what should be paid." In his brief to this court, Mr. Tschirn alleges that he was told personally by the trial judge to pay exactly what the judgment said and no more. We cannot consider these allegations per se, because they are not contained in the record before us. At the same time, we can consider the judge's statement that there was as much substance to Mr. Tschirn's interpretation of the 1981 judgment as there was to Mrs. Kurzweg's. That statement indicates to us the trial judge's belief in the credibility of Mr. Tschirn's assertions of his sincerity in refusing to pay anything other than what was set forth in the 1981 judgment.
Only misconduct expressly defined as contempt by law or made punishable as such by law may be the basis of a contempt adjudication. The wilful disobedience of a lawful judgment is a constructive contempt of court. LSA-C.C.P. art. 224(2). "Wilful disobedience" means an act or a failure to act that is done intentionally, knowingly and purposely, without justifiable excuse. New Orleans F.F. Ass'n Loc. 632 v. City of New Orleans, 260 So.2d 779 (La.App. 4th Cir.1972), affirmed 263 La. 649, 269 So.2d 194, cert. den. 411 U.S. 933, 93 S.Ct. 1902, 36 L.Ed.2d 392. The trial court is vested with great discretion in determining whether a party should be held in contempt of court for failing to follow court orders. Litton v. Litton, 299 So.2d 458 (La.App. 2d Cir.1974). Considering the totality of the circumstances, we conclude the trial court did not abuse its discretion in refusing to hold Mr. Tschirn in contempt.
Nonetheless, it is clear from the 1981 transcript that the judgment on the rule to increase was intended to cover only the cash portion and not change the in-kind payments. We conclude, therefore, that Mr. Tschirn's obligation to pay the children's tuition and medical expenses was never suspended, despite his good-faith interpretation of the 1981 judgment. Equity will not nullify or reduce accumulated child support; it is a vested property right until the judgment awarding it is altered or amended by a subsequent judgment or is terminated by operation of law. Collette v. Olivier, 309 So.2d 894 (La.App. 3d Cir.1975), writ denied 313 So.2d 827 (La.1975). Accordingly, Mrs. Kurzweg is entitled to receive the tuition and medical payments which accrued between the 1981 and 1982 judgments, totalling $4,311.91.
Mrs. Kurzweg also seeks attorney's fees from Mr. Tschirn under the provisions of LSA-R.S. 9:305:
"When the court renders judgment in an action to make past due alimony or *117 child support executory ..., except for good cause, the court shall award attorney fees and costs to the prevailing party."
Although Mrs. Kurzweg is the prevailing party before this court insofar as we find she is entitled to the arrearages alleged, we do not award her attorney's fees because we conclude there is "good cause" not to do so. We base this conclusion on the trial judge's finding that there was "as much substance" to Mr. Tschirn's interpretation as to Mrs. Kurzweg's.
The Supreme Court also decreed in its order to us that the entire child support claim was at issue in the contempt rule. Although this court holds to its earlier point of view that the contempt rule from which this appeal arises was restricted to the arrearages and related issues, we are bound by the Supreme Court's conclusion. Accordingly, we disregard any questions as to appealability of the child support judgment of 1981, which we otherwise would have felt compelled to address, and deal directly with the substance of that judgment.
Mr. Tschirn argues that the district court erred in increasing the cash portion from $750 a month to $1,250 a month plus one-half the children's summer camp expenses. He contends Mrs. Kurzweg failed to show a substantial change of circumstances since the 1975 consent judgment as required by the jurisprudence.
Mr. Tschirn stipulated at the outset that he would be able to pay any reasonable amount of child support, and therefore he offered no testimony as to his financial worth. He does not now contest his ability to pay the amount set by the judgment, only that the total amount of child support is excessive for a 13-year-old boy and a 10-year-old girl.
There is no evidence in the record to indicate what the children's expenses were in 1975, when the consent judgment was rendered. At the 1981 rule to increase, Mrs. Kurzweg testified that the children's life-style had increased since her remarriage. She presented an expense list showing the monthly average of the two children's expenses as $2,434.23. (This amount did not include the children's tuition or medical and dental expenses, which were then being paid by Mr. Tschirn pursuant to the 1975 consent judgment.) She also made statements to the effect that her children needed to have a life-style equivalent to that of her new husband's son, who resides with them.
On their parents' divorce, children reared in an affluent home should be maintained in the same circumstances, if the parents' incomes permit. Marra v. Marra, 425 So.2d 969 (La.App. 5th Cir.1983). Child support should be granted in proportion to the needs of the children and the circumstances of the parent who is to pay. Id.
Where the current needs of the support obligee are determined from competent evidence and it is shown that the support obligor has the ability to meet those needs, this showing may be legally sufficient to warrant an increase in the support award. Hudson v. Hudson, 421 So.2d 1188 (La.App. 2d Cir.1982).
Each case involving modification of a child support award must be determined on its own facts. The trial court's discretion in determining the amount of child support must be recognized and in the absence of a showing of abuse of discretion, the appellate court will not disturb the trial court's award.
Although the evidence is not clear as to what the financial requirements of the children were at the time of the 1975 consent judgment, the children are seven years older than they were at the time their parents divorced. They are both in school now, and are involved in various activities. It is obvious their expenses must have increased from what they were for preschool children.
Unquestionably, these children are leading a very affluent life-style. There is no showing, however, that they would lead a less affluent one if they were living with their father. In addition to the amounts he was paying for child support in the past, Mr. Tschirn was extremely generous with *118 gifts to the children, gifts which contributed to their affluent life-style. Considering the record as a whole, we cannot say the trial judge abused his great discretion in increasing the cash portion of the child support in the 1981 judgment. It follows logically, therefore, that the 1982 judgment, which restated Mr. Tschirn's support obligations, did not alter the substance of the 1981 judgment.
Accordingly, the judgment of February 17, 1982 is reversed insofar as it did not award Mrs. Kurzweg the arrearages sought. In all other respects it is affirmed. Judgment is hereby rendered in favor of Mrs. Mary K. Kurzweg and against Darryl H. Tschirn in the amount of $4,311.91. Each party is to pay his or her own costs.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.