442 So.2d 1308 (1983)
Carolyn Mitchell LANGTON, Plaintiff-Appellant,
v.
Thomas Wade LANGTON, Defendant-Appellee.
No. 83-330.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1309 R. Stuart Wright, Natchitoches, for plaintiff-appellant.
William D. Dyess, Many, for defendant-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
Plaintiff, Carolyn Langton, appeals from a judgment of separation from bed and board granted on the basis that the parties were mutually at fault. The only issue before us in this appeal is whether the trial court erred in finding fault on behalf of Carolyn which would constitute an independent ground for separation. We reverse the trial court's finding on that matter.
Carolyn and Thomas Langton were married on December 13, 1952. Carolyn left the matrimonial domicile on January 7, 1983, and filed suit for separation on January 10, 1983, alleging that Thomas was at fault for habitual intemperance which rendered their living together insupportable. Thomas reconvened, alleging that Carolyn was at fault for abandonment and mental cruelty. In the alternative, he alleged that they were mutually at fault in causing the separation.
The trial court rendered a judgment of separation finding the parties to be mutually at fault. Carolyn alone appeals; therefore, the finding of fault on behalf of Thomas is final.
No written or oral reasons for judgment were given by the trial court. It is clear, however, that Thomas was found guilty of habitual intemperance. Given that fact, we conclude that Carolyn could not have been guilty of abandonment. A separation on the grounds of abandonment may be granted only if one of the parties withdrew from the matrimonial domicile without lawful cause. LSA-C.C. art. 143. The lawful cause justifying a withdrawal must be substantially equivalent to a cause giving grounds for separation. Quinn v. Quinn, 412 So.2d 649 (La.App. 2nd Cir. 1982), writs denied, 415 So.2d 941 and 945 (La.1982). Since habitual intemperance is a cause for separation under LSA-C.C. art. 138(3), we find that Carolyn has a defense to the charge of abandonment and was not at fault for that reason.
The remaining allegation of fault against Carolyn is that of cruel treatment. The claim is for mental cruelty, not physical cruelty. In a separation based on mutual fault under LSA-C.C. art. 141, the fault of each party must be sufficient standing alone to award the other spouse a separation. Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982). We find that the alleged mental harassment in this case is not sufficient to constitute cruelty. The only evidence of mental harassment by Carolyn is Thomas' testimony that when he came in at night he would be questioned as to his whereabouts, called a slouch, and accused of infidelity. He also testified that Carolyn has not had a meal on the table for him when he came in for over a year. Thomas admitted that the time he comes in varies from 5:00 or 6:00 PM to 9:00 or 9:30 PM.
We do not find that accusations of infidelity and other bickering constitutes fault on behalf of Carolyn. Adams v. Adams, 389 So.2d 381 (La.1980). Thomas, while complaining that Carolyn did things to irritate him, admitted that he did the same. A pattern of mutual incompatibility, fussing and bickering is not sufficient to constitute cruel treatment. Loyd v. Loyd, 336 So.2d 912 (La.App. 4th Cir.1976). Further, we do not find that the failure to have dinner ready for a husband under these circumstances is cruel treatment.
*1310 For the above reasons, the judgment of the trial court decreeing a separation on the grounds of mutual fault is reversed.
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of plaintiff, Carolyn Mitchell Langton, and against defendant, Thomas Wade Langton, decreeing a separation of bed and board between them.
In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellee.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.