460 So.2d 722 (1984)
Vergie Baudoin BOUDREAUX, Plaintiff-Appellee,
v.
Joseph D. BOUDREAUX, Defendant-Appellant.
No. 83-1128.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*723 Robert R. Broussard, Lafayette, for defendant-appellant.
Christine M. O'Brien, New Iberia, La., for plaintiff-appellee.
Before FORET, CUTRER, JJ., and CULPEPPER, J. pro tem.
CULPEPPER, Judge Pro Tem.
Defendant, Joseph D. Boudreaux, appeals from a judgment granting a divorce to his former wife, Vergie Baudoin Boudreaux, on the basis of the parties having lived separate and apart for more than one year and awarding Mrs. Boudreaux permanent alimony in the amount of $275 per month. The sole issue on appeal is whether Mrs. Boudreaux was guilty of fault which would preclude her from receiving permanent alimony. The trial court held that she was not guilty of such fault. We affirm.

FACTS
The parties were married on July 3, 1970, and physically separated on June 28, 1982 when Mrs. Boudreaux left the family home. Mrs. Boudreaux filed a petition of separation from bed and board on July 22, 1982, asserting as grounds habitual intemperance and cruelty, both mental and physical. Mr. Boudreaux filed a reconventional demand seeking a separation from bed and board on the basis of Mrs. Boudreaux's abandonment and her mental harassment.
Mr. Boudreaux was ordered to pay alimony pendente lite in the amount of $275 per month, and the matter proceeded to trial on August 26, 1983. On the date of trial, Mrs. Boudreaux filed a supplemental and amending petition for divorce based on living separate and apart for one year. Mr. Boudreaux filed an answer denying all of the material allegations.

APPLICABLE LAW
A spouse is entitled to alimony only when he or she has not been at fault. LSA-C.C. art. 160. The "fault" contemplated in Article 160 is synonymous with the fault grounds for separation and divorce under LSA-C.C. arts. 138 and 139. Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App.3d Cir.1981). Mr. Boudreaux argues on appeal that Mrs. Boudreaux abandoned the matrimonial domicile without good cause, and that she engaged in behavior constituting cruel treatment due to her persistent denial of sexual intercourse and her constant nagging. As to these claims the court made the following findings:
"The Court found from the testimony of all of the witnesses that the defendant, Joseph Boudreaux, was guilty of mental cruelty sufficient enough to render their living together insupportable. As to the defendant's claim that the plaintiff was also mentally cruel to him, the Court found that the plaintiff was guilty of nagging and complaining, but that this is not sufficient enough to warrant a cause of action for mental cruelty."
The testimony presented at trial of this matter was conflicting. Mrs. Boudreaux and her witnesses testified that Mr. Boudreaux drank to excess almost every day and would become rude and verbally abusive. Mrs. Boudreaux testified further that Mr. Boudreaux had struck her on three or four occasions, but there had not been any witnesses to this physical abuse. According to Mrs. Boudreaux, she left on June 28 after being struck twice by Mr. Boudreaux. Mrs. Boudreaux and her witnesses testified that she cooked daily for Mr. Boudreaux, and that he would often become angry and throw out the food she had prepared. This testimony was contradicted by Mr. Boudreaux and his witnesses who claimed he often had to cook for himself.
It is undisputed that Mr. Boudreaux is disabled from a back injury and cannot do work around the home as he once did. Mr. Boudreaux and his witnesses testified that Mrs. Boudreaux constantly nagged him and complained that he did not do the work he was capable of doing. Mrs. Boudreaux and her witnesses contradict this testimony. Mr. Boudreaux's witnesses also testified that he only drinks socially, and never *724 to excess. Mr. Boudreaux himself testified, however, that he will drink a half-pint of vodka two or three times a week, or a six-pack of beer.
It is well settled that the trial court's findings of fact on the issue of fault will not be disturbed on appeal unless found to be clearly wrong. With regard to reviewing factual issues in cases such as this, the Louisiana Supreme Court in Pearce v. Pearce, 348 So.2d 75 (La.1977), made the following statements:
"In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App.1st Cir.1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App.4th Cir.1976)."

ABANDONMENT
Mrs. Boudreaux can be found guilty of abandonment only if she withdrew from the matronial domicile without lawful cause. LSA-C.C. art. 143. Lawful cause justifying withdrawal must be substantially equivalent to a cause giving grounds for separation. Langton v. Langton, 442 So.2d 1308 (La.App.3d Cir.1983). The trial court's reasons for judgment previously quoted clearly indicate that it found Mr. Boudreaux's mental cruelty sufficient to give Mrs. Boudreaux lawful cause for leaving the family home. After reviewing the testimony we cannot say that this finding is clearly wrong.

CRUEL TREATMENT
The trial court's finding that any complaining and nagging by Mrs. Boudreaux was not sufficient to constitute mental cruelty is correct. A pattern of mutual incompatibility, fussing and bickering is not sufficient to constitute cruel treatment. Langton v. Langton, supra. Although not particularly mentioned in its reasons for judgment, the trial court apparently found that Mrs. Boudreaux's denial of sexual intercourse was not sufficient to constitute cruel treatment. In order to constitute cruel treatment, the persistent denial of sexual intercourse must be unreasonable or unjustified. Bourque v. Landry, 293 So.2d 218 (La.App. 3d Cir.1974). According to Mrs. Boudreaux, her denial of sexual intercourse was due to Mr. Boudreaux's lack of personal hygiene. Mr. Boudreaux admitted that he had difficulty bathing due to his disability. He testified that he rinsed off every day but only used soap once a week. Mr. Boudreaux also testified that his requests for sex were not persistent due to his back problem. Under the circumstances we cannot say that Mrs. Boudreaux's denial of sexual intercourse was unreasonable or unjustified.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.