589 So.2d 499 (1991)
Gail Patrick Bruzeau, Wife of Henry Joseph BRUZEAU, Sr.
v.
Henry Joseph BRUZEAU, Sr.
No. 91-CA-196.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1991.
Rehearing Denied November 18, 1991.
Writ Denied January 30, 1992.
Roy S. Lilley, Metairie, for plaintiff/appellant.
Edwin R. Fleischmann, Jr., Metairie, for defendant/appellee.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This appeal arises from a separation suit. The wife appeals a judgment in favor of the husband in a trial of rules for contempt and attorney's fees relative to alimony pendente lite.
Gail Patrick Bruzeau and Henry Joseph Bruzeau separated physically on April 6, 1990. On June 27, 1990 a consent judgment was signed, awarding Mrs. Bruzeau $300 per week alimony pendente lite. The judgment further ordered that Mr. Bruzeau *500 maintain the medical insurance coverage on Mrs. Bruzeau through the group policy at the family business, Bruzeau, Inc. The parties were ordered not to remove funds from Bruzeau, Inc. other than business related expenses and salaries, nor receive bonuses or reimbursement for personal travel or gifts.
Mr. Bruzeau paid $300 per week regularly; however, the money was provided by Bruzeau, Inc., not from Mr. Bruzeau's personal funds. Mr. Bruzeau also had placed Mrs. Bruzeau on the corporate payroll in order to continue her medical insurance on the company's policy. In September, 1990 Mrs. Bruzeau filed a rule for contempt and for attorney's fees, alleging Mr. Bruzeau was in contempt for wilful violation of a court order, and that he was in arrears for $6,000 in alimony pendente lite plus any amount accruing between the filing of the rule and its hearing.
On December 11, 1990 the matter was heard before a hearing officer, whose recommendations were accepted and incorporated into a judgment signed by a judge on January 28, 1991. That judgment credited against Mr. Bruzeau's alimony obligation the monies paid from the corporation up to the date of the hearing, but ordered him from December 11, 1990 on to pay alimony pendente lite from his personal funds. The judgment further ordered Mr. Bruzeau "to pay Mrs. Bruzeau the absolute minimum necessary to maintain her as an employee of the corporation, in order to maintain the medical insurance policy on her as an employee." The judgment denied attorney's fees to Mrs. Bruzeau.
The issues before us are whether defendant should be given credit for monies paid from corporate funds for his alimony obligation, whether he should have been held in contempt of court, and whether the plaintiff should have been awarded attorney's fees and costs in connection with the rules.
Mrs. Bruzeau contends that by paying alimony through the corporation Mr. Bruzeau violated the court's order forbidding the parties from withdrawing funds from Bruzeau, Inc.
Mr. Bruzeau and his accountant, Donald Hart, explained the rather complicated scheme of making payments. Mr. Bruzeau explained that the community-owned business had been losing money since 1985. He and Mrs. Bruzeau had agreed between themselves to attempt to salvage it for the sake of their sons who are involved in the business. They made loans to the corporation from their savings accounts to keep the business alive and other persons have also made loans. Because the company does not earn enough to pay him a salary, he pays himself $300 per week as a draw rather than as salary from the company. Otherwise he would have to pay income tax on money he had loaned it. From May 3 until July 27, 1990 he also made $300 weekly alimony payments to Mrs. Bruzeau as a draw from Bruzeau, Inc. After July 27, on the advice of his insurance agent, he placed her on the payroll at a net salary of $152 weekly and had checks drawn to her for $320 representing the salary plus draw of $168. Mrs. Bruzeau could no longer be carried as his dependent on the group policy after the separation but was eligible for coverage as an employee.
Donald Hart, a CPA retained by Bruzeau, Inc. for twenty years, confirmed its financial problems. The loss from 1985 to the date of trial was about $199,000 and the company owed stockholders and others over $171,000. It had a net worth of minus $86,798 and had lost $52,000 in the first nine months of 1990. Hart testified that if Mr. Bruzeau paid himself a salary from the loaned money, he would be paying taxes on it.
Mr. Bruzeau's insurance agent, Paul Rogyom, Jr. testified also, acknowledging that he advised Mr. Bruzeau to place Mrs. Bruzeau on the payroll. He had investigated separate medical insurance for Mrs. Bruzeau in light of her history of diabetes and depression. The underwriters whom he contacted said either that they would decline the coverage or issue it with riders for previous conditions.
Contempt
We first consider whether the court correctly declined to find Mr. Bruzeau *501 in contempt. Constructive contempt of court is defined by La.C.C.P. art. 224 as "any contempt other than a direct one." One act enumerated as constituting a constructive contempt of court is "(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;..." Wilful disobedience is an act or failure to act that is done intentionally, knowingly and purposefully, without justification. A trial court is vested with great discretion in determining whether a person is to be held in contempt for wilful disobedience of a trial court judgment. Kirby v. Kirby, 579 So.2d 508, 519 (La.App. 4th Cir.1991), writ denied 582 So.2d 1308 (La. 1991); Tschirn v. Tschirn, 434 So.2d 113 (La.App. 5th Cir.1983).
We find that the trial judge acted within her discretion in dismissing Mrs. Bruzeau's rule for contempt against Mr. Bruzeau. Although he may have acted incorrectly in providing alimony through the company instead from his own funds, it is clear that his intention was to pay alimony and to provide Mrs. Bruzeau with medical coverage. Although we do not condone his action, in view of the precarious financial situation of the family business, we find it to be understandable and not taken in bad faith.
Credits toward Alimony Obligation
Mrs. Bruzeau complains that although she did receive weekly payments, the money was not alimony pendente lite but was an advance on the settlement of the community.
Mr. Bruzeau's testimony indicates that the loans for the corporation were community funds. In Nugent v. Nugent, 533 So.2d 1370, 1373 (La.App. 3rd Cir.1988), receipt of the proceeds from an expropriation of community property was deemed to be a return of capital and had no effect on the wife's entitlement to alimony pendente lite. Also in Wilhite v. Wilhite, 408 So.2d 973 (La.App. 2nd Cir.1982), writ denied 412 So.2d 100 (La.1982), the court held that installment payments to the wife for her share of the community settlement were a return of capital and not income for purposes of determining entitlement to alimony pendente lite. See also Velez v. Velez, 552 So.2d 1271 (La.App. 5th Cir.1989).
The trial court is vested with much discretion in alimony matters and its findings may not be disturbed absent manifest error. Anderson v. Anderson, 441 So.2d 413 (La.App. 4th Cir.1983). However, in this case we agree with Mrs. Bruzeau's argument, and find that the trial court was in error in allowing a credit toward alimony pendente lite for funds paid from the community business. Therefore, we must reverse the judgment insofar as it allows the credit and declare that the defendant is in arrears in his alimony payment.
Attorney's fees
As Mrs. Bruzeau is the prevailing party in this appeal in connection with her suit to recover alimony arrearages, she is entitled to the $350 award she seeks for attorney's fees plus costs of the proceedings.
For the reasons stated above, we reverse and set aside the judgment insofar as it allows Mr. Bruzeau credit for monies paid out of the corporate draw against his alimony owed and insofar as it denies any attorney's fees to Mrs. Bruzeau; we award Mrs. Bruzeau $350 in attorney's fees plus the costs of these proceedings; and we remand the case to the trial court with instructions to the judge that a determination of the exact arrearage of alimony pendente lite be made and that the arrearage be made executory. In all other respects the judgment is affirmed.
AFFIRMED IN PART, REVERSED AND SET ASIDE IN PART, AND REMANDED WITH INSTRUCTIONS.