657 So.2d 156 (1995)
J. Michael VERON, Plaintiff-Appellant,
v.
Carolyn Donaldson VERON, Defendant-Appellee.
Carolyn Donaldson VERON, Plaintiff-Appellee,
v.
J. Michael VERON, Defendant-Appellant.
Nos. 94-1351, 94-1352.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
Rehearing Denied July 12, 1995.
*157 Alvin Bardine King, John Michael Veron, Lake Charles, H.F. Sockrider, Jr., Shreveport, for J. Michael Veron.
Robert Charles Lowe, New Orleans, Robert M. McHale, Lake Charles, for Carolyn Donaldson Veron.
Before LABORDE, THIBODEAUX and SAUNDERS, JJ.
SAUNDERS, Judge.
These consolidated appeals question the right of Mrs. Veron to post-divorce alimony as well as a rule for contempt filed by Mr. Veron against his former wife for her alleged interference with his communication with his minor children in violation of an outstanding court order.
Mr. Veron maintains that, due in part to legal errors committed by the trial court, that body erred in finding Mrs. Veron free from fault and in failing to take into consideration her ability to earn a salary as a teacher. For the following reasons, on the latter grounds, we reverse the trial court's judgment.

FACTS
The parties originally separated on or about September 28, 1991, following which on January 15 and February 27, 1992, each party respectively sued for divorce. Their suits were consolidated. Following seven days of testimony between October 1992 and April 1993, the trial court awarded the parents joint custody of the couple's minor children, named Mrs. Veron as domiciliary parent, and found Mrs. Veron free of fault.
Thereafter, the trial court conducted another hearing to determine whether Mrs. Veron was entitled to post-divorce alimony. Ultimately, the trial court awarded Mrs. Veron $1,000.00 per month for post-divorce alimony, in addition to her being named recipient of her children's child support payment on their behalf.
*158 On appeal, Mr. Veron assigns six errors. His appeal primarily concerns Mrs. Veron's right to post-divorce alimony. (Child support is not among the issues raised by Mr. Veron.) First, Mr. Veron argues that fault on the part of his wife contributed to the marriage's break-up. Specifically he maintains that Mrs. Veron's conduct during the marriage, fostered at least in part by alcohol abuse, constituted "habitual intemperance" or "cruel treatment," thus denying her the right to post-divorce alimony which is reserved for necessitous spouses found free from fault.
Mr. Veron's second through fourth assigned errors relate to the trial court's legal foundations for concluding that Mrs. Veron is entitled to alimony. Specifically, Mr. Veron respectively suggests that the trial court erred in requiring that he show that his wife need no alimony, when the burden of proof should have required Mrs. Veron to establish her entitlement; that under the circumstances the trial court erred in relying on La.R.S. 9:315.9, which excuses from consideration the ability of a caretaker spouse's earning ability in calculating child support obligations when rearing a child under five years of age; and in ignoring Mrs. Veron's ability to earn reasonable wages as a teacher. In the further alternative, Mr. Veron maintains that the trial court erred by ignoring Mrs. Veron's receipt of certain passive income from community assets when it fixed her post-divorce alimony at $1,000.00. Finally, Mr. Veron asks that we review and reverse the trial court's directed verdict dismissing his rule for contempt against his former for her interfering with communications between his minor children and himself.
Mrs. Veron too filed an appeal; however, pleased with outcome at trial, she merely asks that we dismiss Mr. Veron's appeal with prejudice, maintaining that the trial court did not commit manifest error.

NECESSITOUS CIRCUMSTANCES
In his second assigned, Mr. Veron complains that the trial court erred when it required that he show that his wife was not in necessitous circumstances. The record supports his assertion. In written reasons, the trial court erroneously stated that "the party found at fault [must] prove that the party seeking alimony has no need for alimony" when in fact, it is the spouse desiring permanent alimony who must prove that he or she is in need of it. Kelly v. Kelly, 596 So.2d 286, (La.App. 3 Cir.), writ denied, 600 So.2d 639 (La.1992). Only the spouse who proves insufficient means of support may be awarded alimony. Russell v. Russell, 520 So.2d 435 (La.App. 3 Cir.), writ denied, 520 So.2d 119 (La.1987), cert. denied, 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989).
The question thus becomes whether Mrs. Veron demonstrated her necessitous circumstances by a preponderance of the evidence:
The test is not whether the wife has the means to support herself in the manner to which she is accustomed to live, but what will provide her with sufficient means for her maintenance, Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959), the wife having the burden of establishing her necessitous circumstances. Malone v. Malone, 260 La. 759, 257 So.2d 397 (1972). The amount necessary for maintenance of a divorced wife is to be determined by the circumstances of each particular case. Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953).
Frederic v. Frederic, 302 So.2d 903, 906-907 (La.1974).
In order to receive alimony after divorce, a spouse must demonstrate both freedom from fault and a lack of sufficient means. La.Civ.Code art. 112. Under the circumstances, we cannot say that Mrs. Veron is in necessitous circumstances.
A spouse who is working full time for a respectable salary who has no unusual expenses or obligations is not in necessitous circumstances so as to justify an award of post-divorce alimony. Harlow v. Harlow, 471 So.2d 895 (La.App. 2 Cir.1985); Dugas v. Dugas, 428 So.2d 1059 (La.App. 1 Cir. 1983); Heck v. Heck, 417 So.2d 31 (La. App. 1 Cir.1982); Silas v. Silas, 399 So.2d 779 (La.App. 3 Cir.), writ denied, 404 So.2d 278 (La.1981). *159 Preis v. Preis, 93-569 (La.App. 3 Cir. 2/2/94); 631 So.2d 1349, 1352.
The facts clearly show that Mrs. Veron is qualified physically and vocationally to earn a living as an elementary school teacher. Her teaching certificate qualifies her to teach grades one through eight. Although Mrs. Veron would be required to earn six college credit hours during her first year of teaching, she could easily do so during evenings of the fall or spring semester, or during the summer when she would be on vacation from teaching. Jobs are available. Mrs. Mary Brister, a personnel supervisor with the Calcasieu Parish School Board, indicated that one-fifth of all elementary school teaching positions are filled with new teachers each year, and this in addition to positions that become available every year at private or parochial elementary schools in the parish. Additionally, Mrs. Frances Key, principal of Episcopal Day School in Lake Charles, indicated that she had in the past offered Mrs. Veron a position. Finally, Mrs. Veron would earn a respectable salary as a public school teacher. According to Mrs. Brister, Mrs. Veron's degree in elementary education and seven years teaching experience in the public school system would entitle her to an annual salary of more than $21,000.00.
In brief, Mrs. Veron relies heavily on Hester v. Hester, 93-1665 (La.App. 4 Cir. 9/15/94); 643 So.2d 216, reversed, 94-2575 (La. 12/19/94), 647 So.2d 1095. This case is distinguished. There the custodial parent was required to care for three children, each with various degrees of disability, was restored $496.00, that portion of her post-divorce alimony deleted by the court of appeal, most of which was attributed to psychological counseling. Citing Hogan v. Hogan, 549 So.2d 267, 271 (La.1989), the supreme court reinstated the judgment of the trial court, reversing the court of appeal's reduction from $2,100.00 to $1,802.00 per month. Here, while Mrs. Veron indeed is primary domiciliary parent, none of the children are so disabled as to require her full-time attention, and the jobs for which she is particularly suited would seem to square perfectly with her children's schedule. La.R.S. 9:315.9, pertaining to the calculation of child support obligations, mandates no contrary result.
Having found that plaintiff failed to establish a lack of means to support herself, we reverse the trial court's award for alimony after divorce and pretermit the question of whether her fault too played a part in the marriage's demise.

OFFSET FOR $15,000.00 FROM COMMUNITY ASSETS
Next, we turn to the question of whether Mr. Veron is entitled to an offset of the $1,000.00 per month alimony he was ordered to pay from the "$15,000.00 in passive income from community assets" his wife has allegedly received.
The burden of proving a set-off against alimony or support payments is on the party asserting the set-off. Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir. 1983); Lynch v. Lynch, 422 So.2d 703 (La. App. 3rd Cir.1982). Additionally, the trial judge is given great discretion in either granting or modifying awards of alimony and child support. His judgment will not be set aside or amended unless a clear abuse of discretion is shown. McCloud v. McCloud, 544 So.2d 764 (La.App. 3rd Cir. 1989); Daigre v. Daigre, 527 So.2d 9 (La. App. 3rd Cir.1988).
Hawkins v. Hawkins, 592 So.2d 843, 851 (La.App. 3 Cir.1991), quoted in Widman v. Widman, 93-613 (La.App. 3 Cir. 2/2/94); 631 So.2d 689, 692. In accord, Slayter v. Slayter, 576 So.2d 1121 (La.App. 3 Cir.1991) (a trial court's determination of permanent alimony will not be disturbed on appeal unless its ruling is manifestly erroneous.)
Our having found Mrs. Veron entitled to no alimony after divorce disposes of this issue as well. We hasten to note, however, that the outcome as to this issue flows directly from the outcome of the first, Mrs. Veron's lack of necessitous circumstances, and not from La.Civ.Code art. 112(A)(2)(a), the article cited by Mr. Veron, which requires that the trial court consider the assets of the spouses in rendering an alimony award. Mr. Veron has not shown that the trial court did not consider all of the spouses' assets in making its award (albeit an erroneous one in light of Mrs. Veron's ability to earn a living). *160 Finally, while the $15,000.00 distributions are of no moment on the alimony question, they probably are quite relevant for purposes of partitioning the community. According to Mr. Veron's briefs, these distributions reflected Mrs. Veron's half of profits distributed from a partnership that owned the law office and equipment leased by the law corporation that employed Mr. Veron. If so, as counsel for Mrs. Veron observed before the trial court, allocation of the $15,000.00 is a community property partition question, one we reserve for the trial court.

CONTEMPT
Finally, Mr. Veron complains that the trial court erred in dismissing his rule against Mrs. Veron for her interference with the minor children's communications with their father in violation of an outstanding court order. Specifically, Mr. Veron complains that Mrs. Veron refused to answer the telephone notwithstanding the trial court's order that the phone at her residence be answered anytime before 8:00 p.m. when someone is present.
Mr. Veron's alludes to several episodes, clearly supported by the record, of instances in which Mrs. Veron did in fact engage in untoward behavior. For example, on one occasion, Mrs. Veron admitted that she informed daughter Kathryn that she could not contact her father by telephone due to her age, and that on another occasion that Mrs. Veron discouraged her children's conversation with their father between 7:30 and 8:00 p.m., because their bedtime was to be 7:30 that night.
La.Code Civ.P. art. 224 provides in pertinent part.
Any of the following acts constitutes a constructive contempt of court:
* * * * * *
(2) Wilful disobedience of any lawful judgement, order, mandate, writ, or process of the court ...;
Wilful disobedience is an act or failure to act that is done intentionally, knowingly and purposefully, without justification. A trial court is vested with great discretion in determining whether a person is to be held in contempt for wilful disobedience of a trial court judgment. Kirby v. Kirby, 579 So.2d 508, 519 (La.App. 4th Cir.1991), writ denied 582 So.2d 1308 (La.1991); Tschirn v. Tschirn, 434 So.2d 113 (La.App. 5th Cir.1983).
Widman, 631 So.2d at 693, quoting Bruzeau v. Bruzeau, 589 So.2d 499, 501 (La.App. 5 Cir.1991), writ denied, 592 So.2d 415 (La. 1992).
Under the circumstances, although this issue clearly could have been decided differently, we decline to second-guess the trial court whose order Mr. Veron seeks to enforce. The court order did not specify unfettered communications in either direction between the parent and child and did not clearly state that the mother has an affirmative obligation, at Mr. Veron's discretion, to awaken the child for his telephonic visitation anytime before 8:00 p.m. as previously ordered.
However, our affirming the trial court's call on this issue should be construed strictly as our deference to the finder of fact, whose decision presumably took into account the personalities of the parties and their long history together. We emphasize that this affirmation should not be construed by either party to restrict Mr. Veron's future access to the children.
To the contrary, in the future, Mrs. Veron is to comply with the trial judge's order as clarified by this opinion. To do so, Mrs. Veron must permit her children to initiate contact with their father at anytime without interference or discouragement on her part; Mrs. Veron must answer any telephone ringing in her house, including the children's telephone, in compliance with the trial court's order; finally, Mrs. Veron must let Mr. Veron, whose joint custodial rights must be respected, contact the children anytime before 8:00 p.m. including, at his discretion (which one can expect to be exercised), having them woken up by her for that purpose.

CONCLUSION
For the foregoing reasons, the trial court's award of permanent alimony to Mrs. Veron is reversed. In all other respects, the judgment *161 of the trial court is affirmed, with each party to bear its own expenses.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.