688 So.2d 1076 (1996)
J. Michael VERON, Plaintiff-Appellant,
v.
Carolyn Donaldson VERON, Defendant-Appellee.
Carolyn Donaldson VERON, Plaintiff-Appellee,
v.
J. Michael VERON, Defendant-Appellant.
Nos. 94-1351, 94-1352.
Court of Appeal of Louisiana, Third Circuit.
September 12, 1996.
Alvin Bardine King, John Michael Veron, Lake Charles, H.F. Sockrider, Jr., Shreveport, for J. Michael Veron.
*1077 Robert Charles Lowe, New Orleans, Robert M. McHale, Lake Charles, for Carolyn Donaldson Veron.
Before THIBODEAUX, SAUNDERS and GREMILLION, JJ.
SAUNDERS, Judge.
This appeal returns to us on remand following the supreme court's reversal of our earlier opinion, Veron v. Veron, 94-1351 (La. App. 3 Cir. 5/3/95), 657 So.2d 156, in which we had observed that the trial court wrongly placed the burden of proof upon Mr. Veron to show that his wife did not need alimony after divorce, rather than upon Mrs. Veron who alleged necessitous circumstances entitling her to such alimony. After reviewing the record, we had observed the abundance of testimony indicating that Mrs. Veron could earn a living as a teacher and on that basis, reversed the trial court's finding to the contrary.
Without calling up the record (or citing any legal error on our part), the Louisiana Supreme Court granted writs, peremptorily reversed this court's conclusion, and remanded the case to this court with instructions that we "consider the issue of fault and the amount of post-divorce alimony if any is due." Veron v. Veron, 95-2074 (La. 11/17/95), 663 So.2d 726.
On remand, we decline to second-guess the factfinder and find no manifest error in its finding Mrs. Veron free from fault. Similarly, we can detect no abuse of discretion on its part in awarding post-divorce alimony of $1,000.00 per month. Therefore, the judgment of the trial court is affirmed, at Mr. Veron's costs.

FAULT
It is well settled that the trial court's findings of fact on the issue of fault will not be disturbed on appeal unless found to be clearly wrong. With regard to reviewing factual issues in cases such as this, the Louisiana Supreme Court in Pearce v. Pearce, 348 So.2d 75 (La.1977), made the following statements:
"In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir. 1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976)."
Boudreaux v. Boudreaux, 460 So.2d 722, 724 (La.App. 3 Cir.1984).
Following a lengthy trial, the trial court concluded that Mrs. Veron was free from legal fault, thus entitling her to alimony in accordance with La.Civ.Code art. 112. Mr. Veron contests these findings, attributing alcoholism and persistent anger as the root causes of the couple's difficulties. At trial, Mrs. Veron made the case that she has no alcohol problem and that her fragile emotional state, if it existed, was attributable to Mr. Veron's unwillingness to make the marriage work. Alternatively, Mrs. Veron cites Mr. Veron's marital infidelity as the most likely cause for the marriage's dissolution. After hearing all the evidence over a lengthy period, the trial court accepted Mrs. Veron's version of events, at least to the point of finding no fault on her part.
Having reviewed the lengthy transcript, we cannot say that the trial court's conclusion were clearly wrong. While Mr. Veron conceded that his intimate life extended beyond his marriage, Mrs. Veron, not without some evidence which could have been deemed credible by the trial court, insisted she was not an alcoholic, and further that her bouts of ill temper, the central prop to Mr. Veron's case against her, were provoked by him. Although a contrary determination by the trial court could just as easily have been free of manifest error, the record does not clearly contradict the ruling of the trial court on the issue.
Accordingly, we affirm. "A pattern of mutual incompatibility, fussing and bickering is not sufficient to constitute cruel treatment." *1078 Boudreaux, 460 So.2d at 724, citing Langton v. Langton, 442 So.2d 1308 (La.App. 3 Cir. 1983).

ALIMONY AWARD
Next, we consider whether the record supports the trial court's award of $1,000.00 per month in post-divorce alimony. A trial court's determination of permanent alimony will not be disturbed on appeal unless its ruling is manifestly erroneous. Vernotzy v. Vernotzy, 591 So.2d 1293 (La.App. 3 Cir. 1991).
When we had visited this case earlier, we noted that it was our finding, since reversed, that Mrs. Veron was capable of joining the work force (and therefore not in necessitous circumstances) that prompted our reversal of the $1,000.00 alimony award and not some other factor. Indeed, we observed that "Mr. Veron has not shown that the trial court did not consider all of the spouses' assets in making its award (albeit an erroneous one in light of Mrs. Veron's ability to earn a living)." Veron v. Veron, 94-1351, at p. 6, 657 So.2d at 159. (Emphasis in original).
Having reviewed the record, we once again find no abuse of discretion in the trial court's award of $1,000.00 per month alimony, given the proven expenses of maintaining a home and contributing to the care of the Verons' children.

DECREE
In light of the foregoing, the judgment of the trial court is affirmed, at Mr. Veron's costs.
AFFIRMED.
THIBODEAUX, J., dissents. The trial court incorrectly focused on Mr. Veron's fault. The proper inquiry was whether Mrs. Veron proved her freedom from fault. An error of law undermined the court's judgment.